**McGuireWoods LLP**
Matthew C. Kane (SBN 171829)
    Email: mkane@mcguirewoods.com
Sabrina A. Beldner (SBN 221918)
    Email: sbeldner@mcguirewoods.com
Sean M. Sullivan (SBN 286368)
    Email: ssullivan@mcguirewoods.com
1800 Century Park East, 8th Floor
Los Angeles, CA  90067-1501
Tel:    (310) 315-8200
Fax:   (310) 315-8210

**McGuireWoods LLP**
Sylvia J. Kim (SBN 258363)
    Email:  skim@mcguirewoods.com
2 Embarcadero Center, Suite 1300
San Francisco, CA 94111
Telephone: 415.844.9944
Facsimile:  415.844.9922

Attorneys for Defendants
SCHNEIDER LOGISTICS, INC.,
SCHNEIDER LOGISTICS TRANSPORTATION, INC., and
SCHNEIDER LOGISTICS TRANSLOADING AND DISTRIBUTION, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK PARSITTIE, on behalf of himself, all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SCHNEIDER LOGISTICS, INC., a Wisconsin corporation; SCHNEIDER LOGISTICS TRANSPORTATION, INC, a Louisiana corporation; SCHNEIDER LOGISTICS TRANSLOADING AND DISTRIBUTION, INC., a Wisconsin corporation; CONNECT STAFFING, INC., a California corporation;; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.<br><br>[Santa Clara County Superior Court Case No. 18CV335339]<br><br>**DEFENDANTS SCHNEIDER LOGISTICS, INC.'S, SCHNEIDER LOGISTICS TRANSPORTATION, INC.'S, AND SCHNEIDER LOGISTICS TRANSLOADING AND DISTRIBUTION, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**<br><br>Complaint Filed:    September 21, 2018<br>FAC Filed:            November 21, 2018<br>Service Date:        December 31, 2018 |

110616529.6

**NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendants SCHNEIDER LOGISTICS TRANSLOADING AND DISTRIBUTION, INC. ("SLTD"), SCHNEIDER LOGISTICS TRANSPORTATION, INC. ("SLT"), and SCHNEIDER LOGISTICS, INC. ("SLI") (collectively "Defendants"), by and through their undersigned counsel, hereby remove the above-entitled action currently pending in the Superior Court of the State of California in and for the County of Santa Clara (the "State Court") to the United States District Court for the Northern District of California on the ground that this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and all other applicable bases for removal. In support of its Notice of Removal, Defendants aver as follows:

### STATE COURT ACTION

1.      On September 21, 2018, Plaintiff Rick Parsittie ("Plaintiff") filed a Complaint against Defendants and Connect Staffing, Inc. in the State Court, styled as *RICK PARSITTIE, on behalf of himself, all others similarly situated, v. SCHNEIDER LOGISTICS, INC., a Wisconsin corporation; SCHNEIDER LOGISTICS TRANSPORTATION, INC., a Louisiana corporation; SCHNEIDER LOGISTICS TRANSLOADING AND DISTRIBUTION, INC., a Wisconsin corporation; CONNECT STAFFING, INC., a California corporation; and DOES 1 through 50 inclusive,* Case No. 18CV335339 (the "State Court Action"), a true and correct copy of which is attached hereto as **Exhibit A**.

2.      On November 1, 2018, Connect Staffing, Inc. was dismissed as a defendant from the State Court Action. Attached hereto as **Exhibit B** is a true and correct copy of the dismissal of Connect Staffing, Inc.

3.      On November 21, 2018, Plaintiff filed a First Amended Complaint (the "FAC") in the State Court Action, a true and correct copy of which is attached hereto as **Exhibit C**.

4.      Defendants were not served with the Complaint or the FAC by Plaintiff. Rather, on December 31, 2018, Defendants' counsel executed a Notice and Acknowledgment of Receipt for each Defendant, true and correct copies of which are attached hereto as **Exhibit D**, accepting

service of the following documents on behalf of Defendants, true and correct copies of which are attached hereto as the following exhibits:

| Exhibit | Document |
|---------|----------|
| A | Complaint |
| C | First Amended Complaint |
| E | Summons on Complaint |
| F | Civil Case Cover Sheet |

5.      Defendants are informed and believe that the following additional documents are also on file in the State Court Action, true and correct copies of which are attached as the following exhibits:

| Exhibit | Document |
|---------|----------|
| B | Request for Dismissal re Connect Staffing, Inc. |
| G | Civil Lawsuit Notice |
| H | Order Deeming Case Complex and Staying Discovery |
| I | Plaintiff's Case Management Statement |
| J | Notice of Rescheduled Case Management Conference |

6.      Defendants are informed and believe that the aforementioned documents and exhibits constitute all of the process, pleadings, and orders on file in the State Court Action.

7.      Defendants are informed and believe that they are the only remaining defendants that have been properly served with process in the State Court Action.  Defendants Does 1 through 50 have yet to be identified and are therefore disregarded for the purposes of this removal.  28 U.S.C. § 1441(a).  Additionally, Connect Staffing, Inc. was dismissed on November 1, 2018.  As such, Defendants are the only defendants needed to consent to this removal.

## REMOVAL JURISDICTION

8.      This court has original jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1453, and 1711-15, and all other applicable bases for removal.

9.      As required by 28 U.S.C. § 1441, Defendants remove this case to the United States District Court for the Northern District of California, which is the District Court embracing the

1   place where the State Court Action was filed.

2        10.    This action has not been previously removed to federal court.

3        11.    This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), which provides

4   that a Notice of Removal "shall be filed within thirty days after the receipt by the defendant,

5   through service or otherwise, of a copy of the initial pleading setting forth the claim upon which

6   such action or proceeding is based." Defendants have filed this Notice of Removal within 30 days

7   of December 31, 2018, the date on which Defendants' counsel executed the Notice and

8   Acknowledgment of Receipts. Accordingly, this action is being removed within 30 days of the

9   first date upon which Defendants were deemed served, through service or otherwise, with any

10   paper giving them knowledge that the action was indeed removable.

11        12.    In accordance with 28 U.S.C. § 1446(d), Defendants will provide contemporaneous

12   written notice of this Notice of Removal to all adverse parties and to the Clerk of the State Court.

13               **CAFA JURISDICTION**

14        13.    There is no presumption against removal under CAFA. *Dart Cherokee Basin*

15   *Operating Co., LLC v. Owens*, 135 S.Ct. 547, 550, 554 (2014) ("*Dart Cherokee*") ("no

16   antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate

17   adjudication of certain class actions in federal court"). To the contrary, "CAFA's 'provisions

18   should be read broadly, with a strong preference that interstate class actions should be heard in

19   federal court if properly removed by any defendant.'" *Id.* at 554, *quoting* S. Rep. No. 109-14, p. 43

20   (2005).

21        14.    This Court has original jurisdiction over this action pursuant to CAFA, 28 U.S.C. §

22   1332(d)(2). Under CAFA, this Court has jurisdiction over class actions where any member of the

23   class is a citizen of a State different from defendant, and where the aggregate amount in

24   controversy exceeds the sum of $5 million, exclusive of interest and costs, and the number of

25   members of all proposed plaintiff classes in the aggregate is at least 100 class members. 28 U.S.C.

26   § 1332(d)(2)-(6). CAFA authorizes removal of such actions under 28 U.S.C. § 1446.

27        15.    This action is one which may be removed to this Court by Defendants because: (1)

28   the number of members of all proposed plaintiff classes in the aggregate is more than 100 class

1  members; (2) there is diversity of citizenship between Plaintiff and at least one Defendant; and (3)

2  the amount in controversy for all class members exceeds $5,000,000.00.

3  ## MINIMUM DIVERSITY EXISTS

4  16.     **Plaintiff's Citizenship.**   At all times during Plaintiff's alleged employment with

5  Defendants, he has had a State of California driver's license, mailing address, and phone number.

6  Defendants are informed and believe that Plaintiff is residing and intends to indefinitely remain

7  living continuously in California, and that his domicile presently is in California.  *See* Exh. C

8  (FAC) at ¶ 4 (asserting that "Plaintiff RICK PARSITTIE is, and at all relevant times mentioned

9  herein, an individual residing in the State of California.").  Accordingly, Plaintiff is a resident and

10  citizen of the State of California for purposes of CAFA.  *See* 28 U.S.C. § 1332(a)(1) (an individual

11  is a citizen of the state in which he or she is domiciled).[1]

12  17.     **Defendant SLTD's Citizenship.**  As shown on the California Secretary of State's

13  Business Entity Search website, Defendant SLTD is a Wisconsin corporation with its corporate

14  headquarters and principal place of business in Green Bay, Wisconsin:

🔍 Business Search - Entity Detail

---

The California Business Search is updated daily and reflects work processed through Sunday, December 9, 2018. Please refer to document **Processing Times** for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity. Not all images are available online.

### C3052419   SCHNEIDER LOGISTICS TRANSLOADING AND DISTRIBUTION, INC.

| | |
|---|---|
| Registration Date: | 10/31/2007 |
| Jurisdiction: | WISCONSIN |
| Entity Type: | FOREIGN STOCK |
| Status: | ACTIVE |
| Agent for Service of Process: | **C T CORPORATION SYSTEM (C0168406)** |
| | To find the most current California registered Corporate Agent for Service of Process address and authorized employee(s) information, click the link above and then select the most current 1505 Certificate. |
| Entity Address: | 3101 S PACKERLAND DR. GREEN BAY WI 54313 |
| Entity Mailing Address: | 3101 S PACKERLAND DR. GREEN BAY WI 54313 |

---

25  [1] *See also Mondragon v. Capital One Auto Finance*, 776 F.3d 880, 885-86 (9th Cir. 2013)

26  (holding that, in connection with removal to federal court, a person's continuing domicile in a state establishes citizenship "unless rebutted with sufficient evidence of change"); *Lew v. Moss*,

27  797 F.2d 747, 751-52 (9th Cir. 1986) (holding that California was the state of domicile for a party with a California residential address and a valid California drivers' license); *State Farm Mut. Auto.*

28  *Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (residence is *prima facie* evidence of domicile for purposes of determining citizenship).

110616529.6

4

*See* URL at https://businesssearch.sos.ca.gov/ (search type: "Corporation Name", search terms entered: "Schneider Logistics Transloading and Distribution, Inc."). *See also* Exh. C (FAC) at ¶ 7 (alleging that SLTD is "a Wisconsin corporation…"). At its corporate headquarters, Defendant SLTD's officers direct, control and coordinate its activities and the majority of its executive and administrative functions are performed there. Thus, Defendant SLTD was not and is not a citizen of the State of California but, rather, was and is a citizen of Wisconsin for the purpose of determining jurisdiction.[2]

18.    Based on the foregoing, CAFA's minimum diversity requirement is satisfied because Plaintiff purports to be a member of the putative class he seeks to represent and is a citizen of a state (California) that is different from at least one Defendant.[3]

### THE AMOUNT IN CONTROVERSY EXCEEDS $5,000,000.00

19.    Defendants allege based on the following calculations that the amount in controversy exceeds $5,000,000.00 only for the purpose of establishing subject matter jurisdiction under CAFA. Defendants' allegations and calculations are not admissions of liability or damages with respect to any aspect of this case, or to the proper legal test(s) applicable to Plaintiff's allegations, or whether a class action is proper.[4]

---

[2] *See Hertz Corp. v. Friend,* 130 S.Ct. 1181, 1192 (2010) (the "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities," and in practice, the principal place of business "should normally be the place where the corporation maintains its headquarters - provided that the headquarters is the actual center of direction, control, and coordination."); *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001).

[3] Although only minimum diversity is necessary under CAFA, *none* of the Defendants are California citizens. SLI is a Wisconsin corporation with its principal place of business in Wisconsin and, therefore, is a Wisconsin citizen for purposes of removal. *See* URL at https://businesssearch.sos.ca.gov/ (search type: "Corporation Name", search terms entered: "Schneider Logistics, Inc."). Likewise, SLT is a Louisiana corporation with its principal place of business in Wisconsin and, therefore, is a Louisiana and Wisconsin citizen for purposes of removal. *See id.* (search type: "Corporation Name", search terms entered: "Schneider Logistics Transportation, Inc."). Accordingly, CAFA's minimum diversity requirement is also met based upon the citizenship of either Defendant SLI or Defendant SLT.

[4] *See LaCrosse v. Knight Truck and Trailer Sales, LLC*, 775 F.3d 1200, 1203 (9th Cir. 2015), *quoting Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1198 n. 1 (9th Cir. 2015) ("'Even when defendants have persuaded a court upon a CAFA removal that the amount in controversy exceeds $5 million, they are still free to challenge the actual amount of damages in subsequent proceedings and trial.'").

1     20.    A removing defendant's notice of removal need only contain plausible allegations

2  to demonstrate the amount in controversy.  Evidentiary submissions are not required unless and

3  until the removing defendant's allegations are contested by the plaintiff or questioned by the court:

4          In sum, as specified in 1446(a), a defendant's notice of removal need include only a
           plausible allegation that the amount in controversy exceeds the jurisdictional
5          threshold.  Evidence establishing the amount is required by 1446(c)(2)(B) only
           when the plaintiff contests, or the court questions, the defendant's allegation.

6

7  *Dart Cherokee*, 135 S.Ct. at 554.

8     21.    The plaintiff's complaint is a court's "first source of reference in determining the

9  amount in controversy."  *LaCrosse*, 775 F.3d at 1202 (*citing St. Paul Mercury Indem. Co. v. Red*

10  *Cab Co.*, 303 U.S. 283, 289 (1938)).  The ultimate inquiry is what amount is put "in controversy"

11  by Plaintiff's Complaint, not what a court or jury might later determine to be the actual amount of

12  damages, if any.[5]

13     22.    Furthermore, as recently confirmed by the Ninth Circuit in *Chavez v. JPMorgan*

14  *Chase & Co.*, 888 F.3d 413, 414-15, 417-18 (9th Cir. 2018), "the amount in controversy is not

15  limited to damages incurred prior to removal…[r]ather, the amount in controversy is determined

16  by the complaint operative at the time of removal and encompasses all relief a court may grant on

17  that complaint if the plaintiff is victorious."  Accordingly, the amount in controversy may include

18  all relief available to Plaintiff through the end of trial.

19     23.    Plaintiff purports to bring the California state law claims alleged in this action

20  pursuant to California Code of Civil Procedure § 382 as a class action, and seeks class certification

21

22

23     [5] *See Ibarra*, 775 F.3d at 1198 n. 1, *citing Sparta Surgical Corp. v. Nat'l Ass'n of Sec.*
   *Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998) (defendants "are not stipulating to damages
24  suffered" in a removal petition, "but only estimating the damages that are in controversy," because
   "jurisdiction must be analyzed on the basis of pleadings filed at the time of removal"); *St. Paul*
25  *Mercury*, 303 U.S. at 291 ("the status of the case as disclosed by the complaint is controlling in the
   case of a removal"); *Scherer v. Equitable Life Assurance Soc'y of the United States,* 347 F.3d 394,
26  399 (2d Cir. 2003) (the "'amount in controversy' … for jurisdictional purposes, [is] the sum put in
   controversy by the plaintiff's complaint"); *Wilder v. Bank of America*, 2014 U.S. Dist. LEXIS
27  168932, *4 (C.D. Cal. Dec. 5, 2014) (citing cases holding that in measuring the amount in
   controversy, the court assumes that a jury will return a verdict on all claims asserted in the
28  complaint, and that the ultimate inquiry is what the complaint alleges, not what the defendant
   might actually owe).

6

on behalf of the following Proposed Class:

> "All persons employed by Defendants and/or any staffing agencies and/or any other third parties in hourly or non-exempt positions in California during the [four years prior to the filing of this action until judgment is entered]."

*See* Exh. C (FAC), ¶ 12.

### Size Of Proposed Class

24.     According to the FAC, the Proposed Class is "so numerous that the individual joinder of each individual class member is impracticable." *See* Exh. C (FAC), ¶ 14.  Indeed, there are more than 100 current or former non-exempt employees in California who worked for Defendants during the proposed class period and ostensibly are within the definition of Plaintiff's Proposed Class, as Defendants presently understand it.  Therefore, the aggregate membership of the proposed class is at least 100 as required under CAFA.  *See* 28 U.S.C. § 1332(d)(5)(B).

### CAFA Amount In Controversy

25.     The claims of the individual members in a "class action" are aggregated to determine if the amount in controversy exceeds the sum or value of $5 million.  *See* 28 U.S.C. §§ 1332(d)(6), (11).  In addition, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)."  Senate Judiciary Committee Report, S. Rep. 109-14, at 42.  Moreover, the Senate Judiciary Committee's Report on the final version of CAFA makes clear that any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction.[6]

26.     Defendant SLTD's data for its California-based non-exempt *warehouse* employees

---

[6] S. Rep. 109-14, at 42-43 ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case . . . Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions.  Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

1  (the "SLTD Warehouse Workers"), which is presently available to Defendant SLTD,[7] from

2  September 21, 2014 through September 21, 2018, was used to determine the CAFA amount in

3  controversy for purposes of this Notice of Removal, and that voluminous data can be summarized

4  as follows:

5         a.   For the **one-year** period ending on the date of the filing of the Complaint in

6            this action (September 21, 2017 through September 21, 2018):

7            i.   At least **666 SLTD Warehouse Workers** worked for Defendant

8              SLTD.

9            ii.   The SLTD Warehouse Workers worked an **average of 8.08 hours**

10              **per workday**.

11            iii.   The SLTD Warehouse Workers were issued a total number of

12              **26,677 payroll checks**.

13         b.   For the **three-year** period ending on the date of the filing of the Complaint

14            in this action (September 21, 2015 through September 21, 2018):

15            i.   At least **975 SLTD Warehouse Workers** worked for Defendant

16              SLTD.  Of those 975 Warehouse Workers, **492 SLTD Warehouse**

17              **Workers have terminated their employment** with Defendant

18              SLTD.

19            ii.   The SLTD Warehouse Workers worked an average of **8.06**

20              **recorded hours per workday**.

21            iii.   The SLTD Warehouse Workers were paid at an **average effective**

22

---

23      [7] Although the putative class, as defined by Plaintiff, includes ***all*** non-exempt employees
of ***all*** Defendants ***and*** "any staffing agencies and/or any other third parties" (Exh. C (FAC), ¶ 12),

24  the amount in controversy calculations herein are limited to *warehouse* employees who work or
worked for Defendant SLTD *only*, and do not include *any* employees who work or worked for: (1)

25  Defendant SLTD in non-warehouse positions, (2) any of the other Defendants, or (3) "any staffing
agencies and/or any other third parties."  Accordingly, the amount in controversy calculations are

26  exceedingly conservative, but, if challenged, Defendants expressly reserve and do not waive their
right to supplement and/or amend their removal submissions to include amount in controversy

27  calculations based on additional employees, including without limitation those who work or
worked for Defendant SLTD in non-warehouse positions, Defendants SLT or SLI or "any staffing

28  agencies and/or any other third parties."

hourly rate of **$20.83**.

   c.   For the **four-year** period ending on the date of the filing of the Complaint in this action (September 21, 2014 through September 21, 2018):

      i.   At least **1,051 SLTD Warehouse Workers** worked for Defendant SLTD.

      ii.   The 1,051 SLTD Warehouse Workers worked an **aggregate total of 455,970 workdays**.

      iii.   The SLTD Warehouse Workers worked an average of **8.13 recorded hours per workday**.

      iv.   The SLTD Warehouse Workers were paid at an **average effective hourly rate of $21.03**.

### *First and Sixth Causes of Action for Failure to Provide Meal Breaks*

27.   Plaintiff's **First Cause of Action** for **failure to provide meal periods** alleges that Defendants "failed to provide him and [the putative class members ("PCMs")] with meal periods" and "failed to pay [Plaintiff and the PCMs] premium wages for missed meal…periods." *See* Exh. C (FAC), ¶ 1(1), (3).  Plaintiff also alleges that he and the PCMs "were regularly not provided with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hours worked due to complying with Defendants' productivity requirements that required Plaintiff and the putative class to work through their meal periods in order to complete their assignments on time" and that, "[a]t all relevant times…, Defendants maintained a policy and practice of not providing" Plaintiff and the PCMs with legally compliant meal periods. *Id.* at ¶¶ 22, 38.  Plaintiff further alleges that he and the PCMs "were not provided with meal periods of at least thirty (30) minutes for each five (5) hour work period due to (1) Defendants' policy of not scheduling each meal period as part of each work shift; (2) chronically understaffing each work shift with not enough workers; (3) imposing so much work on each employee such that it made it unlikely than an employee would be able to take their breaks if they wanted to finish their work on time; and (4) no formal written meal and rest period policy that encouraged employees to take their meal and rest periods." *Id.* at ¶ 21.  *See also id.* at ¶¶ 41, 42.  Plaintiff also alleges that, "at all relevant times…, Defendants

**NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**

1    maintained a policy or practice of failing to pay premium wages to [the PCMs] when they worked

2    five (5) hours without clocking out for any meal period." *Id.* at ¶ 39.  Additionally, Plaintiff

3    alleges that, "at all relevant times…, Defendants  maintained a policy or practice of not providing

4    Plaintiff and [the PCMs] with a second meal period when they worked shifts of ten or more hours

5    and failed to pay them premium wages as required by Labor Code 512 and the applicable Wage

6    Order." *Id.* at ¶ 40.  Plaintiff seeks recovery of "unpaid premium wages." *See id.* at ¶ 43.  This

7    purported claim is subject to a three-year statute of limitations.

8        28.    Plaintiff's **Sixth Cause of Action** alleging **Unfair Competition (Bus. & Prof.**

9    **Code §§ 17200 *et seq.*)** ("UCL"), purports to seek restitution of such unpaid meal breaks and meal

10    break premiums.  *Id.* at ¶¶ 101-104, 109 & Prayer for Relief at ¶ 7.  This purported claim is subject

11    to a four-year statute of limitations.

12        29.    Plaintiff's allegations can be reasonably interpreted to mean that he and the PCMs

13    *never* received *any* legally compliant meal breaks and were *never* paid for any such non-compliant

14    breaks.  On that basis, Defendants can reasonably assume that each of the PCMs will claim to

15    have not been provided and paid for at least one compliant meal break for each day they worked

16    during the four-year period prior to the filing of the Complaint.[8]  *See*, *e.g.*, *Archuleta v. Avcorp*

17    *Composite Fabrication, Inc.*, 2018 WL 6382049, at *4-5 (C.D. Cal. Dec. 6, 2018) (finding use of

18    100% violation rate permissible where the complaint alleged a "consistent policy of violations"

19    but "the complaint does not allege a more precise calculation.") (int. quot. omitted); *Coleman v.*

20    *Estes Express Lines, Inc.*, 730 F.Supp.2d 1141, 1149-50 (C.D. Cal. 2010) (holding that the

21    defendant properly utilized a 100% violation rate for missed meal and rest breaks when calculating

22    the amount in controversy for CAFA removal purposes where the plaintiff had alleged that the

23    class members "consistently" worked without meal breaks); *Mejia v. DHL Express (USA), Inc.*,

24    2015 WL 2452755, *4 (C.D. Cal. May 21, 2015) (holding that a 100% violation rate was properly

25    utilized where the plaintiff's complaint did "not contain any allegations that suggest a 100%

26    _____

27        [8] As set forth above, the PCMs worked an average of 8.13 hours per day in this four-year
     period.  Thus, pursuant to the allegations in the FAC, each PCM would claim to have not been
28    provided at least one meal break each work day.

110616529.6
**NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**

violate rate is an impermissible assumption"); *Duberry v. J. Crew Group, Inc.*, 2015 WL 4575018, *6 (C.D. Cal. July 28, 2015) (approving use of 100% violation rate in light of similar allegations of consistent violations occurring); *Lopez v. Aerotek, Inc.*, 2015 WL 2342558, *3 (C.D. Cal. May, 14, 2015) (finding defendant could logically assume a 100% violation rate where plaintiff alleged defendant "'consistently' failed to provide its employees with meal and rest periods."); *Sanchez v. Russell Sigler, Inc.*, 2015 WL 12765359, *6 (C.D. Cal. Apr. 28, 2015) (approving use of 100% violation rate where complaint alleged meal break violations occurred at "all material times."). However, for purposes of calculating the amount in controversy for removal, Defendants *conservatively* assume that Plaintiff and the PCMs will claim to have experienced meal break violations on *only one out of every ten* days worked, or 10% of the time.[9]

30.    Therefore, Defendants calculate the amount in controversy on the meal break putative class action claims as follows:

| Total Workdays | | Workday Violation Rate | | Average Effective Hourly Rate | | Amount In Controversy |
|---|---|---|---|---|---|---|
| 455,970 | x | 10% | x | $21.03 | = | $958,904.91 |

Accordingly, the amount in controversy on the **First and Sixth Causes of Action** is at least **$958,904.91**.

### ***Second and Sixth Causes of Action for Failure to Provide Rest Periods***

31.    Plaintiff's **Second Cause of Action** for **failure to authorize and permit rest periods** alleges that Defendants "failed to provide [Plaintiff and the PCMs] with rest periods" and "failed to pay [Plaintiff and the PCMs] premium wages for missed…rest periods." *See* Exh. C (FAC), ¶ 1(2)-(3). Plaintiff further alleges that, "at all relevant times…, Defendants maintained a policy or practice of not providing [Plaintiff and the PCMs] with net rest period[s] of at least ten

---

[9] If challenged, Defendants expressly reserve and do not waive their right to supplement and/or amend its removal submissions to rely on other, higher, violation rates in calculating the amount in controversy.

minutes for each four hour work period, or major fraction therefore, as required by the applicable Wage Order" and that "Defendants failed to pay Plaintiff [and the PCMs] additional premium wages when required rest periods were not provided." *Id.* at ¶¶ 51, 52.  Plaintiff also alleges that Plaintiff and the PCMs were not provided rest periods as required by law "due to (1) Defendants' policy of not scheduling each [r]est period as part of each work shift; (2) chronically understaffing each work shift with not enough workers; (3) imposing so much work on each employee such that it made it unlikely that an employee would be able to take their breaks if they wanted to finish their work on time; and (4) no formal written meal and rest period policy that encouraged employees to take their meal and rest periods." *Id.* at ¶ 23.  Additionally, Plaintiff alleges that "[a]s a result of Defendants' policy, Plaintiff and the [PCMs] were regularly not provided with uninterrupted rest periods of at least ten (10) minutes for each four (4) hours worked due to complying with Defendants' productivity requirements that required Plaintiff and the putative class to work through their rest periods in order to complete their assignment on time." *Id.* at ¶ 24. Furthermore, Plaintiff alleges that "Defendants['] written policies do not provide that employees may take a rest period for each four hours worked, or major fraction thereof, and that rest periods should be taken in the middle of each period insofar as practicable." *Id.* at ¶ 53.  Plaintiff seeks recovery of "unpaid premium wages" and "compensation for not being provided paid rest breaks." *See id.* at ¶ 54.   This purported claim is subject to a three-year statute of limitations.

32.    Plaintiff's **Sixth Cause of Action** alleging **violations of the UCL** purports to seek restitution of such unpaid rest breaks and rest break premiums. *Id.* at ¶¶ 101-104, 109 & Prayer for Relief at ¶ 7.  This purported claim is subject to a four-year statute of limitations.

33.    Plaintiff does not allege that he or the PCMs were *ever* compensated separately for rest breaks, *ever* received *any* legally compliant rest breaks or were *ever* paid for any such non-compliant breaks.  On that basis, and based on Plaintiff's allegations supporting this claim set forth above, Defendants may reasonably assume that each PCM will claim to have not been provided and/or paid for at least one compliant rest break for each calendar day they worked for

Defendant SLTD.[10]   *See*, *e.g.*, *Archuleta*, 2018 WL 6382049 at \*4-5; *Coleman*, *supra*, 730 F.Supp.2d at 1149-50; *Mejia*, *supra*, 2015 WL 2452755 at \*4; *Duberry*, *supra*, 2015 WL 4575018 at \*6; *Lopez*, *supra*, 2015 WL 2342558 at \*3; *Sanchez*, 2015 WL 12765359 at \*6.   However, for purposes of calculating the amount in controversy for removal, Defendants again *conservatively* assume that Plaintiff and the PCMs will claim to have experienced meal break violations on *only one out of every ten* days worked, or 10% of the time.[11]

34.     Therefore, Defendants calculate the amount in controversy on the rest break putative class action claim as follows:

| Total Workdays | | Workday Violation Rate | | Average Effective Hourly Rate | | Amount In Controversy |
|---|---|---|---|---|---|---|
| 455,970 | x | 10% | x | $21.03 | = | $958,904.91 |

Accordingly, the amount in controversy on the **Second and Sixth Causes of Action** is at least **$958,904.91**.

### *Third and Sixth Causes of Action for Failure to Pay Hourly and Overtime Wages*

35.     Plaintiff's **Third Cause of Action** for **Failure to Pay All Hourly and Overtime Wages** alleges that Defendants "failed to pay [Plaintiff and the PCMs] at least minimum wage for all hours worked; failed to pay them overtime wages at the correct rate; [and] failed to pay them double time wages at the correct rate."  *See* Exh. C (FAC), ¶ 1(4)-(6).  Plaintiff further alleges that, "[a]t all relevant times, Defendants failed to pay hourly wages to Plaintiff and [the PCMs] for all time worked, including but not limited to, overtime hours at statutory and/or agreed rates" and that "Defendants failed to pay Plaintiff and [the PCMs] all earned wages every pay period at the correct rates, including overtime rates, because Defendants directed, permitted or otherwise

---

[10] As set forth above, the PCMs worked an average of 8.13 hours per day.  Thus, pursuant to the allegations in the FAC, each FAC would claim to be entitled to at least two rest breaks each work day.

[11] If challenged, Defendants expressly reserve and do not waive their right to supplement and/or amend its removal submissions to rely on other, higher, violation rates in calculating the amount in controversy.

1  encourages Plaintiff and [the PCMs] to perform off-the-clock work." *Id.* at ¶¶ 70, 71.  Based on

2  the foregoing allegations, Plaintiff seeks to "recover the unpaid straight time and overtime

3  wages…" *Id.* at ¶ 72 & Prayer for Relief at ¶ 4.   This purported claim is subject to a three-year

4  statute of limitations.

5      36.    Plaintiff's **Sixth Cause of Action** alleging **violations of the UCL** purports to seek

6  restitution of such unpaid hourly and overtime wages.  *Id.* at ¶¶ 101-104, 109 & Prayer for Relief

7  at ¶ 7.  This purported claim is subject to a four-year statute of limitations.

8      37.    In light of the fact that the SLTD Warehouse Workers worked, on average, 8.13

9  hours a day during the four-year limitations period, any allegedly unpaid time for work as alleged

10  by Plaintiff in his Third and Sixth Causes of Action constitutes unpaid overtime and would be

11  calculated at the overtime rate for the four year limitations period.  For purposes of determining

12  the amount in controversy for the alleged unpaid regular and overtime wages underlying

13  Plaintiff's Third and Sixth Causes of Action, and based on Plaintiff's allegations that Defendants'

14  policies "required Plaintiff and the putative class to work through their meal periods" (*see* Exh. C

15  (FAC) at ¶ 22) and that the SLTD Warehouse Workers would claim to have not been provided at

16  least on meal break each work day since they worked an average of 8.13 hours per day,

17  Defendants have reasonably and conservatively assumed that each of the SLTD Warehouse

18  Workers will claim to have worked *only* six (6) minutes (0.10 hours) of unpaid time per day

19  which, based on the length of the average work day, should have been paid at overtime rate.[12]

20  Thus, for removal purposes, Defendants conservatively utilizes 0.10 hours of alleged unpaid time

21  per day.[13]

22      38.    Accordingly, Defendants calculate the amount in controversy for the alleged unpaid

23  hourly and overtime wages claim as follows:

24  _____

25      [12] If challenged, Defendants expressly reserve and do not waive their right to supplement
26  and/or amend their removal submissions to rely on other, higher, reasonable assumptions and/or
   estimates in calculating the amount in controversy.

27      [13] This figure is exceedingly conservative in light of Plaintiff's allegations that the PCMs
   worked through their meal breaks but were deducted 30-minutes of time which, if accepted as
28  true, reasonably result in 0.5 unpaid hours per day, per employee.  *See* FAC at ¶ 22.

| Total Workdays | | Off-the-Clock Hours Per Day Worked | | Average Hourly Overtime Rate (Average Effective Hourly Rate [$21.03] x 1.5) | | Amount In Controversy |
|---|---|---|---|---|---|---|
| 455,970 | x | 0.10 | x | $31.55 | = | $1,438,585.35 |

39.    Accordingly, the amount in controversy on Plaintiff's Third and Sixth Causes of Action for failure to pay hourly and overtime wages is **$1,438,585.35**.

### *Fourth Cause of Action for Failure to Provide Accurate Written Wage Statements*

40.    Plaintiff's **Fourth Cause of Action** for **failure to provide accurate written wage statements** alleges that Defendants failed to provide Plaintiff and the PCMs with complete and accurate wage statements and, on that basis, Plaintiff seeks to recover statutory penalties for the proposed class pursuant to Cal. Lab. Code § 226.  *See* Exh. C (FAC), ¶¶ 1(7), 25-29, and 78-81. Pursuant to Cal. Labor Code § 226(e) ("Section 226(e)"), penalties for such wage statement violations may be sought in an amount equal to fifty dollars ($50) per employee for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent period, not to exceed $4,000 per employee. *See also* Exh. C (FAC), ¶ 81.   This claim is subject to a one-year statute of limitations.

41.    Plaintiff alleges that Defendants "have failed to provide [Plaintiff and the PCMs] with written wage statements" as required by law and Defendants' "failure to provide [Plaintiff and the PCMs] with accurate written wage statements [was] intentional…"." *See* Exh. C (FAC), ¶ 78-79.

42.    Because Plaintiff's inaccurate wage statement claim expressly alleges that, "at all relevant times…, Defendants have failed to provide [Plaintiff and the PCMs] with written wage statements" as required by law, it is reasonable to interpret Plaintiff's FAC as alleging that he and the PCMs *never* received accurate wage statements from Defendants.  *See*, *e.g.*, *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) ("Where a statutory maximum

is specified, courts may consider the maximum statutory penalty available in determining whether the jurisdictional amount in controversy requirement is met."). Defendants' above-summarized data shows that at least 666 SLTD Warehouse Workers worked during the one-year period ending on the date of the filing of the Complaint in this action and that they received an aggregate total of 26,677 payroll checks during that time frame. Therefore, the amount in controversy on Plaintiff's Fourth Cause of Action for inaccurate wage statement penalties is **$2,634,400**:

> 666 initial pay periods x $50 = $33,300
>
> 26,011 subsequent pay periods (26,677 – 666) x $100 = $2,601,100
>
> $33,300 + $2,601,100 = $2,634,400

### *Fifth Cause of Action for Failure to Timely Pay All Final Wages*

43.  Plaintiff's **Fifth Cause of Action** seeks **waiting time penalties** pursuant to Cal. Lab. Code § 203 in the amount of up to 30 days' wages at the regular hourly rate of pay for Plaintiff and former PCMs. *See* Exh. C (FAC), ¶¶ 1(8), 83-91. This claim is subject to a three-year statute of limitations.

44.  As set forth above, at least 492 SLTD Warehouse Workers terminated their employment with Defendant SLTD during the three-year period ending on the date of the filing of the Complaint in this action, and their average effective hourly rate paid during that time period was $20.83. Additionally, while, as set forth above, the SLTD Warehouse Workers worked an average of 8.06 hours per day during this time, for purposes of removal, Defendants utilize a conservative 8-hour workday. Accordingly, the amount in controversy on Plaintiff's Fifth Cause of Action for statutory waiting time penalties is **$2,459,606.40** ($20.83 x 8 hours x 30 days x 492 terminated SLTD Warehouse Workers).

45.  Based on the foregoing calculations, the **total amount in controversy** on Plaintiff's First through Sixth Causes of Action for the putative class action claims of the PCMs, *exclusive of the amount in controversy for any non-warehouse employees who worked for Defendant SLTD, any employees who work or worked for Defendants SLI or SLT, any employees who work or worked for "any staffing agencies and/or any other third parties," the amount in controversy for Plaintiff's Seventh Cause of Action for civil penalties pursuant to Cal. Lab. Code*

*§§ 2698, et seq. ("PAGA"), and statutory attorneys' fees*, is calculated to be at least **$8,450,401.57**, which exceeds the $5 million jurisdictional threshold under CAFA:

| Cause of Action / Claim | Amount in Controversy |
|---|---|
| Meal Period Violations (First & Sixth Causes of Action) | $958,904.91 |
| Rest Period Violations (Second & Sixth Causes of Action) | $958,904.91 |
| Hourly and Overtime Wage Violations (Third & Sixth Causes of Action) | $1,438,585.35 |
| Wage Statement Violation Penalties (Fourth Cause of Action) | $2,634,400.00 |
| Waiting Time Penalties (Fifth Cause of Action) | $2,459,606.40 |
| **TOTAL AMOUNT IN CONTROVERSY:** | **$8,450,401.57**[14] |

46.    Defendants expressly reserve the right to further refine these and/or include any other additional amounts in controversy, should any aspect of the amount in controversy set forth herein be challenged.

## **VENUE**

47.    This is a civil action brought in a California state court within this judicial district. Accordingly, as the State Court Action is now pending in Santa Clara County, California, Defendants are entitled, pursuant to 28 U.S.C. § 1441(a), to remove this action to the United States

---

[14] Defendants' amount in controversy is exceedingly conservative and underestimated because it does not "encompass[] all relief a court may grant on that complaint if the plaintiff is victorious" given that: (1) it is only calculated through the filing of the Complaint, as opposed to through the resolution of this action at trial; (2) it does not account for any amounts in controversy on Plaintiff's Seventh Cause of Action for PAGA penalties; (3) it does not account for any amounts in controversy for statutory attorneys' fees; and (4) it does not account for any employees other than those who work or worked for Defendant SLTD as warehouse employees that could be included based on Plaintiff's allegations, including but not limited to non-warehouse employees who worked for Defendant SLTD, employees who work or worked for Defendants SLI and SLT and employees who work or worked for "any staffing agencies and/or any other third parties…" (Exh. C (FAC), ¶ 12).  *See Chavez*, *supra*, 888 F.3d 413 at 414-15, 417-18.

1   District Court for the Northern District of California.

2   <u>**NOTICE TO PLAINTIFF AND STATE COURT**</u>

3   48.   Contemporaneously with the filing of this Notice of Removal in this Court, written

4   notice of such filing will be served on Plaintiff's counsel of record as reflected in the attached

5   Certificate of Service.  In addition, a copy of this Notice of Removal will be filed with the Clerk of

6   the Superior Court of the State of California in and for the County of Santa Clara.

7   WHEREFORE, Defendants respectfully request that the above-captioned action now

8   pending in the State Court be removed to this United States District Court.

9

10   DATED: January 30, 2019          **MᴄGᴜɪʀᴇWᴏᴏᴅꜱ LLP**

11

12                                    By:   ___/s/ Matthew C. Kane___

13                                         Matthew C. Kane, Esq.
                                          Sabrina A. Beldner, Esq.
14                                         Sylvia J. Kim, Esq.
                                          Sean M. Sullivan, Esq.

15                                    Attorneys for Defendants
16                                    SCHNEIDER LOGISTICS, INC., SCHNEIDER
                                     LOGISTICS TRANSPORTATION, INC., and
17                                    SCHNEIDER LOGISTICS TRANSLOADING
                                     AND DISTRIBUTION, INC

18

19

20

21

22

23

24

25

26

27

28

110616529.6

18

**NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 1800 Century Park East, 8th Floor, Los Angeles, CA 90067.

On January 30, 2019, I served the following document described as **DEFENDANTS SCHNEIDER LOGISTICS, INC.'S, SCHNEIDER LOGISTICS TRANSPORTATION, INC.'S, AND SCHNEIDER LOGISTICS TRANSLOADING AND DISTRIBUTION, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

Shaun Setareh                           *Attorneys for Plaintiff*
Thomas Segal                            *RICK PARSITTIE*
Farrah Grant
SETAREH LAWGROUP
315 South Beverly Drive, Suite 315
Beverly Hills, CA 90212

☒    **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, CA, on that same day following ordinary business practices. (C.C.P. § 1013 (a) and 1013a(3))

☐    **BY FACSIMILE:** At approximately _____, I caused said document(s) to be transmitted by facsimile pursuant to Rule 2008 of the California Rules of Court. The telephone number of the sending facsimile machine was 310.315.8210. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The document was transmitted by facsimile transmission, and the sending facsimile machine properly issued a transmission report confirming that the transmission was complete and without error.

☐    **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder. (C.C.P. § 1013(d)(e))

☐    **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered the addressee(s). (C.C.P. § 1011)

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 30, 2019, at Los Angeles, CA.

_____
Matthew Whitney

110616529.6

19

**NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**

Exhibit A

E-FILED
9/21/2018 5:10 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
18CV335339
Reviewed By: E. Fang

1  Shaun Setareh (SBN 204514)
     shaun@setarehlaw.com
2  Thomas Segal (SBN 222791)
     thomas@setarehlaw.com
3  Farrah Grant (SBN 293898)
     farrah@setarehlaw.com
4  SETAREH LAW GROUP
   315 South Beverly Drive, Suite 315
5  Beverly Hills, California 90212
   Telephone (310) 888-7771
6  Facsimile (310) 888-0109

7  Attorneys for Plaintiff
   RICK PARSITTIE

8

9            SUPERIOR COURT OF THE STATE OF CALIFORNIA

10               FOR THE COUNTY OF SANTA CLARA

11                    UNLIMITED JURISDICTION

12

13  RICK PARSITTIE, on behalf of himself, all       Case No.   18CV335339
    others similarly situated,
14                                                   **CLASS ACTION**
                    Plaintiff,
15                                                   **COMPLAINT**
              vs.
16                                                   1.  Failure to Provide Meal Periods (Lab. Code
    SCHNEIDER LOGISTICS, INC., a Wisconsin               §§ 204, 223, 226.7, 512 and 1198);
17  corporation; SCHNEIDER LOGISTICS               2.  Failure to Provide Rest Periods (Lab. Code
    TRANSPORTATION, INC, a Louisiana                    §§ 204, 223, 226.7 and 1198);
18  corporation; SCHNEIDER LOGISTICS              3.  Failure to Pay Hourly Wages (Lab. Code §§
    TRANSLOADING AND DISTRIBUTION,                     223, 510, 1194, 1194.2, 1197, 1997.1 and
19  INC., a Wisconsin corporation; CONNECT            1198);
    STAFFING, INC., a California corporation;     4.  Failure to Provide Accurate Written Wage
20  and DOES 1 through 50, inclusive,                 Statements (Lab. Code §§ 226(a));
                                                   5.  Failure to Timely Pay All Final Wages
21                  Defendants.                       (Lab. Code §§ 201, 202 and 203);
                                                   6.  Unfair Competition (Bus. & Prof. Code §§
22                                                     17200 et seq.);

23                                                   **JURY TRIAL DEMANDED**

24

25

26

27

28

Exhibit A

Exhibit A

COMES NOW, Plaintiff RICK PARSITTIE ("Plaintiff"), on behalf of himself, all others similarly situated, complains and alleges as follows:

## INTRODUCTION

1.    Plaintiff brings this class action against Defendant SCHNEIDER LOGISTICS, INC., a Wisconsin corporation; SCHNEIDER LOGISTICS TRANSPORTATION, INC, a Louisiana corporation; SCHNEIDER LOGISTICS TRANSLOADING AND DISTRIBUTION, INC., a Wisconsin corporation; CONNECT STAFFING, INC., a California corporation, and DOES 1 through 50, inclusive (collectively referred to as "Defendants") for alleged violations of the Labor Code and Business and Professions Code.  As set forth below, Plaintiff alleges that Defendants have:

   (1)    failed to provide him and all other similarly situated individuals with meal periods;

   (2)    failed to provide them with rest periods;

   (3)    failed to pay them premium wages for missed meal and/or rest periods;

   (4)    failed to pay them at least minimum wage for all hours worked;

   (5)    failed to pay them overtime wages at the correct rate;

   (6)    failed to pay them double time wages at the correct rate;

   (7)    failed to provide them with accurate written wage statements; and

   (8)    failed to pay them all of their final wages following separation of employment.

Based on these alleged Labor Code violations, Plaintiff now brings this class action to recover unpaid wages, restitution and related relief on behalf of herself, all others similarly situated.

## JURISDICTON AND VENUE

2.    This Court has subject matter jurisdiction to hear this case because the monetary damages and restitution sought by Plaintiff from Defendants conduct exceeds the minimal jurisdiction of the Superior Court of the State of California.

3.    Venue is proper in the County of Santa Clara pursuant to Code of Civil Procedure sections 395(a) and 395.5 in that liability arose this county because at least some of the transactions

Exhibit A

that are the subject matter of this Complaint occurred therein and/or each defendant is found,

maintains offices, transacts business and/or has an agent therein.

## **PARTIES**

4.     Plaintiff RICK PARSITTIE is, and at all relevant times mentioned herein, an individual residing in the State of California.

5.     Plaintiff is informed and believes, and thereupon alleges that Defendant SCHNEIDER LOGISTICS, INC. is, and at all relevant times mentioned herein, a Wisconsin corporation doing business in the State of California.

6.     Plaintiff is informed and believes, and thereupon alleges that Defendant SCHNEIDER LOGISTICS TRANSPORTATION, INC. is, and at all relevant times mentioned herein, a Louisiana corporation doing business in the State of California.

7.     Plaintiff is informed and believes, and thereupon alleges that Defendant SCHNEIDER LOGISTICS TRANSLOADING AND DISTRIBUTION, INC. is, and at all relevant times mentioned herein, a Wisconsin corporation doing business in the State of California.

8.     Plaintiff is informed and believes, and thereupon alleges that Defendant CONNECT STAFFING, INC. is, and at all relevant times mentioned herein, a California corporation doing business in the State of California.

9.     Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of the DOE defendants when ascertained.  Plaintiff is informed and believes, and thereupon alleges that each of the fictitiously named defendants are responsible in some manner for the occurrences, acts and omissions alleged herein and that Plaintiff's alleged damages were proximately caused by these defendants, and each of them.  Plaintiff will amend this complaint to allege both the true names and capacities of the DOE defendants when ascertained.

10.     Plaintiff is informed and believes, and thereupon alleges that, at all relevant times mentioned herein, some or all of the defendants were the representatives, agents, employees, partners, directors, associates, joint venturers, principals or co-participants of some or all of the

1  other defendants, and in doing the things alleged herein, were acting within the course and scope of

2  such relationship and with the full knowledge, consent and ratification by such other defendants.

3      11.    Plaintiff is informed and believes, and thereupon alleges that, at all relevant times

4  mentioned herein, some of the defendants pursued a common course of conduct, acted in concert

5  and conspired with one another, and aided and abetted one another to accomplish the occurrences,

6  acts and omissions alleged herein.

7                          **CLASS ALLEGATIONS**

8      12.    This action has been brought and may be maintained as a class action pursuant to

9  Code of Civil Procedure section 382 because there is a well-defined community of interest among

10  the persons who comprise the readily ascertainable classes defined below and because Plaintiff is

11  unaware of any difficulties likely to be encountered in managing this case as a class action.

12      13.    **Relevant Time Period**:  The relevant time period is defined as the time period

13  beginning four years prior to the filing of this action until judgment is entered.

14      **Hourly Employee Class**:  All persons employed by Defendants and/or any staffing agencies
       and/or any other third parties in hourly or non-exempt positions in California during the
15      **Relevant Time Period**.

16          **Meal Period Sub-Class**:  All **Hourly Employee Class** members who worked in a
           shift in excess of five hours during the **Relevant Time Period**.
17
           **Rest Period Sub-Class**:  All **Hourly Employee Class** members who worked a shift
18          of at least three and one-half (3.5) hours during the **Relevant Time Period**.

19          **Wage Statement Penalties Sub-Class**:  All **Hourly Employee Class** members
           employed by Defendants in California during the period beginning one year before
20          the filing of this action and ending when final judgment is entered.

21          **Waiting Time Penalties Sub-Class**:  All **Hourly Employee Class** members who
           separated from their employment with Defendants during the period beginning three
22          years before the filing of this action and ending when final judgment is entered.

23      **UCL Class**:  All **Hourly Employee Class** members employed by Defendants in California
       during the **Relevant Time Period**.
24

25      14.    **Reservation of Rights**:  Pursuant to Rule of Court 3.765(b), Plaintiff reserves the

26  right to amend or modify the class definitions with greater specificity, by further division into sub-

27  classes and/or by limitation to particular issues.

28      15.    **Numerosity**:  The class members are so numerous that the individual joinder of each

Exhibit A

individual class member is impractical.  While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes, and thereupon alleges that the actual number exceeds the minimum required for numerosity under California law.

16.    **Commonality and Predominance:**  Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members. These common questions include, but are not limited to:

A.    Whether Defendants maintained a policy or practice of failing to provide employees with their meal periods;

B.    Whether Defendants maintained a policy or practice of failing to provide employees with their rest periods;

C.    Whether Defendants failed to pay premium wages to class members when they have not been provided with required meal and/or rest periods;

D.    Whether Defendants failed to pay minimum and/or overtime wages to class members as a result of policies that fail to provide meal periods in accordance with California law;

E.    Whether Defendants failed to pay minimum and/or overtime wages to class members for all time worked;

F.    Whether Defendants failed to provide class members with accurate written wage statements as a result of providing them with written wage statements with inaccurate entries for, among other things, amounts of gross and net wages, and total hours worked;

G.    Whether Defendants applied policies or practices that result in late and/or incomplete final wage payments;

H.    Whether Defendants are liable to class members for waiting time penalties under Labor Code section 203;

I.    Whether class members are entitled to restitution of money or property that Defendants may have acquired from them through unfair competition;

17.    **Typicality:**  Plaintiff's claims are typical of the other class members' claims.

Exhibit A

1  Plaintiff is informed and believes and thereupon alleges that Defendants have a policy or practice of

2  failing to comply with the Labor Code and Business and Professions Code as alleged in this

3  Complaint.

4          18.    **Adequacy of Class Representative:**  Plaintiff is an adequate class representative in

5  that he has no interests that are adverse to, or otherwise conflict with, the interests of absent class

6  members and is dedicated to vigorously prosecuting this action on their behalf.  Plaintiff will fairly

7  and adequately represent and protect the interests of the other class members.

8          19.    **Adequacy of Class Counsel:**  Plaintiff's counsel are adequate class counsel in that

9  they have no known conflicts of interest with Plaintiff or absent class members, are experienced in

10  wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on

11  behalf of Plaintiff and absent class members.

12          20.    **Superiority:**  A class action is vastly superior to other available means for fair and

13  efficient adjudication of the class members' claims and would be beneficial to the parties and the

14  Court.  Class action treatment will allow a number of similarly situated persons to simultaneously

15  and efficiently prosecute their common claims in a single forum without the unnecessary

16  duplication of effort and expense that numerous individual actions would entail.  In addition, the

17  monetary amounts due to many individual class members are likely to be relatively small and would

18  thus make I difficult, if not impossible, for individual class members to both seek and obtain relief.

19  Moreover, a class action will serve an important public interest by permitting class members to

20  effectively pursue the recovery of monies owed to them.  Further, a class action will prevent the

21  potential for inconsistent or contradictory judgments inherent in individual litigation.

22                              **GENERAL ALLEGATIONS**

23          21.    Plaintiff worked for Defendants as a non-exempt, hourly employee from

24  approximately December 2016 through September 21, 2017.

25                              **Missed Meal Periods**

26          22.    Plaintiff and the putative class members were not provided with meal periods of at

27  least thirty (30) minutes for each five (5) hour work period due to (1) Defendants' policy of not

28  scheduling each meal period as part of each work shift; (2) chronically understaffing each work

1   shift with not enough workers; (3) imposing so much work on each employee such that it made it

2   unlikely that an employee would be able to take their breaks if they wanted to finish their work on

3   time; and (4) no formal written meal and rest period policy that encouraged employees to take their

4   meal and rest periods.

5       23.    As a result of Defendants' policy, Plaintiff and the putative class were regularly not

6   provided with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hours

7   worked due to complying with Defendants' productivity requirements that required Plaintiff and

8   the putative class to work through their meal periods in order to complete their assignments on

9   time.

10                                  **Missed Rest Periods**

11      24.    Plaintiff and the putative class members were not provided with rest periods of at

12  least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1)

13  Defendants' policy of not scheduling each est period as part of each work shift; (2) chronically

14  understaffing each work shift with not enough workers; (3) imposing so much work on each

15  employee such that it made it unlikely that an employee would be able to take their breaks if they

16  wanted to finish their work on time; and (4) no formal written meal and rest period policy that

17  encouraged employees to take their meal and rest periods.

18      25.    As a result of Defendants' policy, Plaintiff and the putative class were regularly not

19  provided with uninterrupted rest periods of at least ten (10) minutes for each four (4) hours worked

20  due to complying with Defendants' productivity requirements that required Plaintiff and the

21  putative class to work through their rest periods in order to complete their assignments on time.

22                                     **Wage Statements**

23      26.    Plaintiff and the putative class were not provided with accurate wage statements as

24  mandated by law pursuant to Labor Code section 226.

25      27.    Defendants failed to comply with Labor Code section 226(a)(1) as "gross wages

26  earned" were not accurately reflected in that: all hours worked, including overtime, were not

27  included.

28      28.    Defendants failed to comply with Labor Code section 226(a)(2) as "total hours

1  worked by the employee" were not accurately reflected in that: all hours worked, including

2  overtime, were not included.

3      29.      Defendants failed to comply with Labor Code section 226(a)(5) as "net wages

4  earned" were not accurately reflected in that: all hours worked, including overtime, were not

5  included.

6      30.      Defendants failed to comply with Labor Code section 226(a)(9) as "all applicable

7  hourly rates in effect during the pay period and the corresponding number of hours worked at each

8  hourly rate by the employee" were not accurately reflected in that: all hours worked, including

9  overtime, were not included.

10                  **FIRST CAUSE OF ACTION**

11              **FAILURE TO PROVIDE MEAL PERIODS**

12            **(Lab. Code §§ 004, 223, 226.7, 512 and 1198)**

13              **(Plaintiff and Meal Period Sub-Class)**

14      31.      Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if

15  fully alleged herein.

16      32.      At all relevant times, Plaintiff and the **Meal Period Sub-Class** members have been

17  non-exempt employees of Defendant entitled to the full meal period protections of both the Labor

18  Code and the applicable Industrial Welfare Commission Wage Order.

19      33.      Labor Code section 512 and Section 11 of the applicable Industrial Welfare

20  Commission Wage Order impose an affirmative obligation on employers to provide non-exempt

21  employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period

22  of five hours, and to provide them with two uninterrupted, duty-free meal periods of at least thirty

23  minutes for each work period of ten hours.

24      34.      Labor Code section 226.7 and Section 11 of the applicable Industrial Welfare

25  Commission Wage Order ("Wage Order") both prohibit employers from requiring employees to

26  work during required meal periods and require employers to pay non-exempt employees an hour of

27  premium wages on each workday that the employee is not provided with the required meal period.

28      35.      Compensation for missed meal periods constitutes wages within the meaning of

1   Labor Code section 200.

2        36.    Labor Code section 1198 makes it unlawful to employ a person under conditions that

3   violate the applicable Wage Order.

4        37.    Section 11 of the applicable Wage Order states:

5          "No employer shall employ any person for a work period of more than five (5) hours
without a meal period of not less than 30 minutes, except that when a work period of
6         not more than six (6) hours will complete the day's work the meal period may be
waived by mutual consent of the employer and employee.  Unless the employee is
7         relieved of all duty during a 30 minute meal period, the meal period shall be
considered an 'on duty' meal period and counted as time worked.  An 'on duty' meal
8         period shall be permitted only when the nature of the work prevents an employee
from being relieved of all duty and when by written agreement between the parties
9         an on-the-job paid meal period is agreed to.  The written agreement shall state that
the employee may, in writing, revoke the agreement at any time."

10       38.    At all relevant times, Plaintiff was not subject to a valid on-duty meal period

11   agreement.  Plaintiff is informed and believes that, at all relevant times, **Meal Period Sub-Class**

12   members were not subject to valid on-duty meal period agreements with Defendants.

13       39.    Plaintiff alleges that, at all relevant times during the applicable limitations period,

14   Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal**

15   **Period Sub-Class** with uninterrupted, duty-free meal periods for at least thirty (30) minutes for

16   each five (5) hour work period, as required by Labor Code section 512 ad the applicable Wage

17   Order.

18       40.    Plaintiff alleges that, at all relevant times during the applicable limitations period,

19   Defendants maintained a policy or practice of failing to pay premium wages to **Meal Period Sub-**

20   **Class** members when they worked five (5) hours without clocking out for any meal period.

21       41.    Plaintiff alleges that, at all relevant times during the applicable limitations period,

22   Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal**

23   **Period Sub-Class** with a second meal period when they worked shifts of ten or more hours and

24   failed to pay them premium wages as required by Labor Code 512 and the applicable Wage Order.

25       42.    Moreover, Defendants written policies do not provide that employees must take their

26   first meal period before the end of the fifth hour of work, that they are entitled to a second meal

27   period if they work a shift of over ten hours, or that the second meal period must commence before

28

1 | the end of the tenth hour of work, unless waived.

2 |     43.    At all relevant times, Defendants failed to pay Plaintiff and the **Meal Period Sub-**

3 | **Class** members additional premium wages, and/or were not paid premium wages at the employees'

4 | regular rates of pay when required meal periods were not provided.

5 |     44.    Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of himself

6 | and the **Meal Period Sub-Class** members, seek to recover unpaid premium wages, interest thereon,

7 | and costs of suit.

8 |     45.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the

9 | substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and the

10 | **Meal Period Sub-Class** members, seek to recover reasonable attorneys' fees.

11 | **SECOND CAUSE OF ACTION**

12 | **FAILURE TO PROVIDE REST PERIODS**

13 | **(Lab. Code §§ 204, 223, 226.7 and 1198)**

14 | **(Plaintiff and Rest Period Sub-Class)**

15 |     46.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

16 | herein.

17 |     47.    At all relevant times, Plaintiff and the **Rest Period Sub-Class** members have been

18 | non-exempt employees of Defendants entitled to the full rest period protections of both the Labor

19 | Code and the applicable Wage Order.

20 |     48.    Section 12 of the applicable Wage Order imposes an affirmative obligation on

21 | employers to permit and authorize employees to take required rest periods at a rate of no less than

22 | ten minutes of net rest time for each four hour work period, or major fraction thereof, that must be

23 | in the middle of each work period insofar as practicable.

24 |     49.    Labor Code section 226.7 and Section 12 of the applicable Wage Order both prohibit

25 | employers from requiring employees to work during required rest periods and require employers to

26 | pay non-exempt employees an hour of premium wages at the employees' regular rates of pay, on

27 | each workday that the employee is not provided with the required rest period(s).

28 |     50.    Compensation for missed rest periods constitutes wages within the meaning of Labor

Exhibit A

Exhibit A

Code section 200.

51.    Labor Code section 1198 makes it unlawful to employ a person under conditions that violate the Wage Order.

52.    Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing members of the **Rest Period Sub-Class** with net rest period of at least ten minutes for each four hour work period, or major fraction thereof, as required by the applicable Wage Order.

53.    At all relevant times, Defendants failed to pay Plaintiff and the **Rest Period Sub-Class** members additional premium wages when required rest periods were not provided.

54.    Specifically, Defendants written policies do not provide that employees may take a rest period for each four hours worked, or major fraction thereof, and that rest periods should be taken in the middle of each work period insofar as practicable.

55.    Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of herself and **Rest Period Sub-Class** members, seek to recover unpaid premium wages, interest thereon, and costs of suit.

56.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and **Rest Period Sub-Class** members, seek to recover reasonable attorneys' fees.

## **THIRD CAUSE OF ACTION**

### **FAILURE TO PAY HOURLY AND OVERTIME WAGES**

**(Lab. Code §§ 223, 510, 1194, 1197 and 1198)**

**(Plaintiff and Hourly Employee Class)**

57.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

58.    At all relevant times, Plaintiff and **Hourly Employee Class** members are or have been non-exempt employees of Defendants entitled to the full protections of the Labor Code and the applicable Wage Order.

59.    Section 2 of the applicable Wage Order defines "hours worked" as "the time during

Exhibit A

1 which an employee is subject to the control of the employer, and includes all the time the employee

2 is suffered or permitted to work, whether or not required to do so."

3     60.    Section 4 of the applicable Wage Order requires an employer to pay non-exempt

4 employees at least the minimum wage set forth therein for all hours worked, which consist of all

5 hours that an employer has actual or constructive knowledge that employees are working.

6     61.    Labor Code section 1194 invalidates any agreement between an employer and an

7 employee to work for less than the minimum or overtime wage required under the applicable Wage

8 Order.

9     62.    Labor Code section 1194.2 entitles non-exempt employees to recover liquidated

10 damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in

11 addition to the underlying unpaid minimum wages and interest thereon.

12     63.    Labor Code section 1197 makes it unlawful for an employer to pay an employee less

13 than the minimum wage required under the applicable Wage Order for all hours worked during a

14 payroll period.

15     64.    Labor Code section 1197.1 provides that it is unlawful for any employer or any other

16 person acting either individually or as an officer, agent or employee of another person, to pay an

17 employee, or cause an employee to be paid, less than the applicable minimum wage.

18     65.    Labor Code section 1198 makes it unlawful for employers to employ employees

19 under conditions that violate the applicable Wage Order.

20     66.    Labor Code section 204 requires employers to pay non-exempt employees their

21 earned wages for the normal work period at least twice during each calendar month on days the

22 employer designates in advance and to pay non-exempt employees their earned wages for labor

23 performed in excess of the normal work period by no later than the next regular payday.

24     67.    Labor Code section 223 makes it unlawful for employers to pay their employees

25 lower wages than required by contract or statute while purporting to pay them legal wages.

26     68.    Labor Code section 510 and Section 3 of the applicable Wage Order require

27 employees to pay non-exempt employees overtime wages of no less than one and one-half times

28 their respective regular rates of pay for all hours worked in excess of eight hours in one workday, all

1  hours worked in excess of forty hours in one workweek, and/or for the first eight hours worked on

2  the seventh consecutive day of one workweek.

3       69.    Labor Code section 510 and Section 3 of the applicable Wage Order also require

4  employers to pay non-exempt employees overtime wages of no less than two times their respective

5  regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours

6  worked in excess of eight hours on a seventh consecutive workday during the workweek.

7       70.    Plaintiff is informed and believes that, at all relevant times, Defendants have applied

8  centrally devised policies and practices to her and **Hourly Employee Class** members with respect

9  to working conditions and compensation arrangements.

10       71.    At all relevant times, Defendants failed to pay hourly wages to Plaintiff and **Hourly**

11  **Employee Class** members for all time worked, including but not limited to, overtime hours at

12  statutory and/or agreed rates.

13       72.    During the relevant time period, Defendants failed to pay Plaintiff and **Hourly**

14  **Employee Class** members all earned wages every pay period at the correct rates, including

15  overtime rates, because Defendants directed, permitted or otherwise encouraged Plaintiff and

16  **Hourly Employee Class** members to perform off-the-clock work.

17       73.    As a result of Defendants' unlawful conduct, Plaintiff and **Hourly Employee Class**

18  members have suffered damages in an amount, subject to proof, to the extent they were not paid the

19  full amount of wages earned during each pay period during the applicable limitations period,

20  including overtime wages.

21       74.    Pursuant to Labor Code sections 204, 218.6, 223, 510, 1194 and 1194.2, Plaintiff, on

22  behalf of herself and **Hourly Employee Class** members, seek to recover unpaid straight time and

23  overtime wages, interest thereon and costs of suit.

24       75.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the

25  substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and

26  **Hourly Employee Class** members, seek to recover reasonable attorneys' fees.

27  ///

28  ///

## FOURTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS

### (Lab. Code § 226)

### (Plaintiff and Wage Statement Penalties Sub-Class)

76.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

77.    Labor Code section 226(a) states:

"An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. For purposes of this subdivision, 'copy' includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision."

78.    The Division of Labor Standards Enforcement ("DLSE") has sought to harmonize the "detachable part of the check" provision and the "accurate itemized statement in writing" provision of Labor Code section 226(a) by allowing for electronic wage statements so long as each employee retains the right to elect to receive a written paper stub or record and that those who are provided with electronic wage statements retain the ability to easily access the information and convert the electronic statements into hard copies at no expense to the employee. (DLSE Opinion Letter July 6, 2006).

79.    Plaintiff is informed and believes that, at all relevant times during the applicable

1  limitations period, Defendants have failed to provide **Wage Statement Penalties Sub-Class**

2  members with written wage statements as described above.

3          80.     Plaintiff is informed and believes that Defendants' failure to provide her and **Wage**

4  **Statement Penalties Sub-Class** members with accurate written wage statements were intentional in

5  that Defendants have the ability to provide them with accurate wage statements but have

6  intentionally provided them with written wage statements that Defendants have known do not

7  comply with Labor Code section 226(a).

8          81.     Plaintiff and **Wage Statement Penalties Sub-Class** members have suffered injuries,

9  in that Defendants have violated their legal rights to receive accurate wage statements and have

10 misled them about their actual rates of pay and wages earned.  In addition, inaccurate information

11 on their wage statements have prevented immediate challenges to Defendants' unlawful pay

12 practices, has required discovery and mathematical computations to determine the amount of wages

13 owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or

14 has led to the submission of inaccurate information about wages and deductions to federal and state

15 government agencies.

16         82.     Pursuant to Labor Code section 226(e), Plaintiff, on behalf of herself and **Wage**

17 **Statement Penalties Sub-Class** members, seek the greater of actual damages or $50.00 for the

18 initial pay period in which a violation of Labor Code section 226(a) occurred, and $100.00 for each

19 subsequent pay period in which a violation of Labor Code section 226(a) occurred, not to exceed an

20 aggregate penalty of $4000.00 per class member, as well as awards of reasonable attorneys' fees

21 and costs.

22                          **<u>FIFTH CAUSE OF ACTION</u>**

23                  **FAILURE TO TIMELY PAY ALL FINAL WAGES**

24                          **(Lab. Code §§ 201-203)**

25              **(Plaintiff and Waiting Time Penalties Sub-Class)**

26         83.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

27 herein.

28         84.     At all relevant times, Plaintiff and **Waiting Time Penalties Sub-Class** members

have been entitled, upon the end of their employment with Defendants, to timely payment of all wages earned and unpaid before termination or resignation.

85.    At all relevant times, pursuant to Labor Code section 201, employees who have been discharged have been entitled to payment of all final wages immediately upon termination.

86.    At all relevant times, pursuant to Labor Code section 202, employees who have resigned after giving at least seventy-two (72) hours notice of resignation have been entitled to payment of all final wages at the time of resignation.

87.    At all relevant times, pursuant to Labor Code section 202, employees who have resigned after giving less than seventy-two (72) hours notice of resignation have been entitled to payment of all final wages within seventy-two (72) hours of giving notice of resignation.

88.    During the applicable limitations period, Defendants failed to pay Plaintiff all of her final wages in accordance with the Labor Code by failing to timely pay her all of her final wages.

89.    Plaintiff is informed and believes that, at all relevant time during the applicable limitations period, Defendants have failed to timely pay **Waiting Time Penalties Sub-Class** members all of their final wages in accordance with the Labor Code.

90.    Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants have maintained a policy or practice of paying **Waiting Time Penalties Sub-Class** members their final wages without regard to the requirements of Labor Code sections 201 or 202 by failing to timely pay them all final wages.

91.    Plaintiff is informed and believes and thereupon alleges that Defendants' failure to timely pay all final wages to her and **Waiting Time Penalties Sub-Class** members have been willful in that Defendants have the ability to pay final wages in accordance with Labor Code sections 201 and/or 202 but have intentionally adopted policies or practices that are incompatible with those requirements.

92.    Pursuant to Labor Code sections 203 and 218.6, Plaintiff, on behalf of herself and **Waiting Time Penalties Sub-Class** members, seek waiting time penalties from the dates that their final wages have first become due until paid, up to a maximum of thirty days, and interest thereon.

93.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine

Exhibit A

1  and/or the common fund doctrine, Plaintiff, on behalf of herself and **Waiting Time Penalties Sub-**

2  **Class** members, seek awards of reasonable attorneys' fees and costs.

### SIXTH CAUSE OF ACTION

### UNFAIR COMPETITION

**(Bus. & Prof. Code §§ 17200 *et seq.*)**

**(Plaintiff and UCL Class)**

94.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

95.    Business and Professions Code section 17200 defines "unfair competition" to include any unlawful business practice.

96.    Business and Professions Code section 17203-17204 allow a person who has lost money or property as a result of unfair competition to bring a class action in accordance with Code of Civil Procedure section 382 to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

97.    California law requires employers to pay hourly, non-exempt employees for all hours they are permitted or suffered to work, including hours that the employer knows or reasonable should know that employees have worked.

98.    Plaintiff and the **UCL Class** members re-alleges and incorporates the FIRST, SECOND and THIRD causes of action herein.

99.    Plaintiff lost money or property as a result of the aforementioned unfair competition.

100.    Defendants have or may have acquired money by means of unfair competition.

101.    Plaintiff is informed and believes and thereupon alleges that by committing the Labor Code violations described in this Complaint, Defendants violated Labor Code sections 215, 216, 225, 226.6, 354, 408, 553, 1175, 1199 and 2802, which make it a misdemeanor to commit the Labor Code violations alleged herein.

102.    Defendants have committed criminal conduct through their policies and practices of, *inter alia*, failing to comport with their affirmative obligations as an employer to provide non-exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each

Exhibit A

1  work period of five or more hours, by failing to provide non-exempt employees with a ten-minute

2  rest period for every four hours worked or major fraction thereof, and by failing to pay non-exempt

3  employees for all hours worked.

4       103.    At all relevant times, Plaintiff and **UCL Class** members have been non-exempt

5  employees and entitled to the full protections of both the Labor Code and the applicable Wage

6  Order.

7       104.    Defendants' unlawful conduct as alleged in this Complaint amounts to and

8  constitutes unfair competition within the meaning of Business and Professions Code section 17200

9  *et seq*.  Business and Professions Code sections 17200 *et seq*. protects against unfair competition

10  and allows a person who has suffered an injury-in-fact and has lost money or property as a result of

11  an unfair, unlawful or fraudulent business practice to seek restitution on her own behalf and on

12  behalf of similarly situated persons in a class action proceeding.

13       105.    As a result of Defendants' violations of the Labor Code during the applicable

14  limitations period, Plaintiff has suffered an injury-in-fact and has lost money or property in the form

15  of earned wages.  Specifically, Plaintiff has lost money or property as a result of Defendants'

16  conduct.

17       106.    Plaintiff is informed and believes that other similarly situated persons have been

18  subject to the same unlawful policies or practices of Defendants.

19       107.    Due to the unfair and unlawful business practices in violation of the Labor Code,

20  Defendants have gained a competitive advantage over other comparable companies doing business

21  in the State of California that comply with their legal obligations.

22       108.    California's Unfair Competition Law ("UCL") permits civil recovery and injunctive

23  for "any unlawful, unfair or fraudulent business act or practice," including if a practice or act

24  violates or is considered unlawful under any other state or federal law.

25       109.    Accordingly, pursuant to Bus. & Prof. Code sections 17200 and 17203, Plaintiffs

26  request the issuance of temporary, preliminary and permanent injunctive relief enjoining

27  Defendants, and each of them, and their agents and employees, from further violations of the Labor

28  Code and applicable Industrial Welfare Commission Wage Orders; and upon a final hearing seek

1  an order permanently enjoining Defendants, and each of them, and their respective agents and

2  employees, from further violations of the Labor Code and applicable Industrial Welfare

3  Commission Wage Orders.

4      110.    Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of

5  herself and **UCL Class** members, seek declaratory relief and restitution of all monies rightfully

6  belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful

7  and unfair business practices.

8      111.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine

9  and/or the common fund doctrine, Plaintiff and **UCL Class** members are entitled to recover

10  reasonable attorneys' fees in connection with their unfair competition claims.

11                                **PRAYER FOR RELIEF**

12      WHEREFORE, Plaintiff, on behalf of herself, all others similarly situated, prays for relief

13  and judgment against Defendants as follows:

14          (1)    An order that the action be certified as a class action;

15          (2)    An order that Plaintiff be appointed class representative;

16          (3)    An order that counsel for Plaintiff be appointed class counsel;

17          (4)    Unpaid wages;

18          (5)    Actual damages;

19          (6)    Liquidated damages;

20          (7)    Restitution;

21          (8)    Declaratory relief;

22          (9)    Pre-judgment interest;

23          (10)   Statutory penalties;

24          (11)   Civil penalties;

25          (12)   Costs of suit;

26          (13)   Reasonable attorneys' fees; and

27          (14)   Such other relief as the Court deems just and proper.

28  ///

Exhibit A

1

### **DEMAND FOR JURY TRIAL**

2      Plaintiff, on behalf of herself, all other similarly situated, hereby demands a jury trial on all

3  issues so triable.

4

5  DATED:  September 21, 2018                    SETAREH LAW GROUP

6

7  

8  _____

9  SHAUN SETAREH
   Attorneys for Plaintiff
10  RICK PARSITTIE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit A

CIV-110

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY:**  STATE BAR NO.: 204514<br>NAME: Shaun Setareh, Esq.<br>FIRM NAME: SETAREH LAW GROUP<br>STREET ADDRESS: 315 South Beverly Drive<br>CITY: Beverly Hills  STATE: CA  ZIP CODE: 90212<br>TELEPHONE NO.: (310) 888-7771  FAX NO.: (310) 888-0109<br>E-MAIL ADDRESS: shaun@setarehlaw.com<br>ATTORNEY FOR (Name): Rick Parsittie | FOR COURT USE ONLY<br>**Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 11/1/2018 11:23 AM<br>Reviewed By: R. Walker<br>Case #18CV335339<br>Envelope: 2125935** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Santa Clara
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS: 191 N. First Street
CITY AND ZIP CODE: San Jose, California 95113
BRANCH NAME: Downtown Superior Court

Plaintiff/Petitioner: Rick Parsittie
Defendant/Respondent: Schneider Logistics, Inc. et al.

| **REQUEST FOR DISMISSAL** | CASE NUMBER:<br>18CV335339 |
|---|---|

A conformed copy will not be returned by the clerk unless a method of return is provided with the document.

This form may not be used for dismissal of a derivative action or a class action of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.)

1. TO THE CLERK: Please **dismiss** this action as follows:
   a. (1) ☐ With prejudice    (2) ☒ Without prejudice
   b. (1) ☐ Complaint    (2) ☐ Petition
   (3) ☐ Cross-complaint filed by (name):                              on (date):
   (4) ☐ Cross-complaint filed by (name):                              on (date):
   (5) ☐ Entire action of all parties and all causes of action
   (6) ☒ Other (specify):* Only Defendant Connect Staffing, Inc.

2. (Complete in all cases except family law cases.)
   The court ☐ did  ☒ did not  waive court fees and costs for a party in this case. (This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed.)

Date: November 1, 2018
Shaun Setareh, Esq.
_____
(TYPE OR PRINT NAME OF  ☒ ATTORNEY  ☐ PARTY WITHOUT ATTORNEY)
*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

► _____
(SIGNATURE)
Attorney or party without attorney for:
☒ Plaintiff/Petitioner  ☐ Defendant/Respondent
☐ Cross Complainant

3. **TO THE CLERK:** Consent to the above dismissal is hereby given.**
Date: November 1, 2018
Shaun Setareh, Esq.
_____
(TYPE OR PRINT NAME OF  ☒ ATTORNEY  ☐ PARTY WITHOUT ATTORNEY)
** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

► _____
(SIGNATURE)
Attorney or party without attorney for:
☒ Plaintiff/Petitioner  ☐ Defendant/Respondent
☐ Cross Complainant

(To be completed by clerk)
4. ☒ Dismissal entered as requested on (date): **11/1/2018**
5. ☐ Dismissal entered on (date):                    as to only (name):
6. ☐ Dismissal **not entered** as requested for the following reasons (specify):

7. a. ☒ Attorney or party without attorney notified on (date): **11/1/2018**
   b. ☐ Attorney or party without attorney not notified. Filing party failed to provide
      ☐ a copy to be conformed  ☐ means to return conformed copy

Date: **11/1/2018**  **Clerk of Court**  Clerk, by _____ **/s/ R. Walker** , Deputy

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-110 [Rev. Jan. 1, 2013]

**REQUEST FOR DISMISSAL**

Code of Civil Procedure, § 581 et seq.; Gov. Code,
§ 68637(c); Cal. Rules of Court, rule 3.1390
www.courts.ca.gov

**Exhibit B**

CIV-110

| | CASE NUMBER: |
|---|---|
| Plaintiff/Petitioner: Rick Parsittie<br>Defendant/Respondent: Schneider Logistics, Inc. et al. | 18CV335339 |

---

**COURT'S RECOVERY OF WAIVED COURT FEES AND COSTS**
If a party whose court fees and costs were initially waived has recovered or will recover $10,000 or more in value by way of settlement, compromise, arbitration award, mediation settlement, or other means, the court has a statutory lien on that recovery. The court may refuse to dismiss the case until the lien is satisfied. (Gov. Code, § 68637.)

---

**Declaration Concerning Waived Court Fees**

1.  The court waived court fees and costs in this action for *(name):*

2.  The person named in item 1 is *(check one below):*

    a. ☐ not recovering anything of value by this action.
    b. ☐ recovering less than $10,000 in value by this action.
    c. ☐ recovering $10,000 or more in value by this action.  *(If item 2c is checked, item 3 must be completed.)*
3.  ☐ All court fees and court costs that were waived in this action have been paid to the court  *(check one):*      Yes      No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date:

▶

_____          _____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)                    (SIGNATURE)

**Exhibit B**

Electronically filed
by Superior Court of CA,
County of Santa Clara,
on 11/1/2018 11:23 AM
Reviewed By:R. Walker
Case #18CV335339
Env #2125935

Exhibit B

## PROOF OF SERVICE

I am a citizen of the United States and am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 9454 Wilshire Boulevard, Suite 907 Beverly Hills, CA 90212.

On November 1, 2018, I served the foregoing documents described as:

### REQUEST FOR DISMISSAL

in this action by transmitting a true copy thereof enclosed in a sealed envelope addressed as follows:

Jade Butman
Fox Rothschild LLP
345 California Street
Suite 2200
San Francisco CA 94104-2670
**Counsel for Defendant**


**[X]    BY MAIL**

I am readily familiar with the practice of Setareh Law Group for the collection and processing of correspondence for mailing with the United States Postal Service.  It is the practice that correspondence is deposited with United States Postal Service the same day it is submitted for mailing with postage thereon fully prepaid at Beverly Hills, California.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[X]    STATE**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November 1, 2018, at Beverly Hills, California.


_____
JUANITA FERNANDEZ

1

PROOF OF SERVICE

Exhibit B

18CV335339
Santa Clara – Civil

**Exhibit C**

1   Shaun Setareh (SBN 204514)
      shaun@setarehlaw.com
2   Thomas Segal (SBN 222791)
      thomas@setarehlaw.com
3   Farrah Grant (SBN 293898)
      farrah@setarehlaw.com
4   SETAREH LAW GROUP
    315 South Beverly Drive, Suite 315
5   Beverly Hills, California 90212
    Telephone (310) 888-7771
6   Facsimile (310) 888-0109

7   Attorneys for Plaintiff
    RICK PARSITTIE

8

Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 11/21/2018 3:41 PM
Reviewed By: R. Walker
Case #18CV335339
Envelope: 2198618

9           SUPERIOR COURT OF THE STATE OF CALIFORNIA

10              FOR THE COUNTY OF SANTA CLARA

11                  UNLIMITED JURISDICTION

12

13   RICK PARSITTIE, on behalf of himself, all
     others similarly situated,

14                  Plaintiff,

15          vs.

16
     SCHNEIDER LOGISTICS, INC., a Wisconsin
17   corporation; SCHNEIDER LOGISTICS
     TRANSPORTATION, INC, a Louisiana
18   corporation; SCHNEIDER LOGISTICS
     TRANSLOADING AND DISTRIBUTION,
19   INC., a Wisconsin corporation; CONNECT
     STAFFING, INC., a California corporation;
20   and DOES 1 through 50, inclusive,

21                  Defendants.

22

23

24

25

26

27

28

Case No. 18CV335339

**CLASS ACTION**

**FIRST AMENDED COMPLAINT**

1.  Failure to Provide Meal Periods (Lab. Code §§ 204, 223, 226.7, 512 and 1198);
2.  Failure to Provide Rest Periods (Lab. Code §§ 204, 223, 226.7 and 1198);
3.  Failure to Pay Hourly Wages (Lab. Code §§ 223, 510, 1194, 1194.2, 1197, 1997.1 and 1198);
4.  Failure to Provide Accurate Written Wage Statements (Lab. Code §§ 226(a));
5.  Failure to Timely Pay All Final Wages (Lab. Code §§ 201, 202 and 203);
6.  Unfair Competition (Bus. & Prof. Code §§ 17200 *et seq.*);
7.  Civil Penalties (Lab. Code §§ 2698 *et seq.*);

**JURY TRIAL DEMANDED**

FIRST AMENDED CLASS ACTION COMPLAINT

**Exhibit C**

COMES NOW, Plaintiff RICK PARSITTIE ("Plaintiff"), on behalf of himself, all others similarly situated, and the general public, complains and alleges as follows:

## INTRODUCTION

1.     Plaintiff brings this class action against Defendant SCHNEIDER LOGISTICS, INC., a Wisconsin corporation; SCHNEIDER LOGISTICS TRANSPORTATION, INC, a Louisiana corporation; SCHNEIDER LOGISTICS TRANSLOADING AND DISTRIBUTION, INC., a Wisconsin corporation; and DOES 1 through 50, inclusive (collectively referred to as "Defendants") for alleged violations of the Labor Code and Business and Professions Code.  As set forth below, Plaintiff alleges that Defendants have:

(1)     failed to provide him and all other similarly situated individuals with meal periods;

(2)     failed to provide them with rest periods;

(3)     failed to pay them premium wages for missed meal and/or rest periods;

(4)     failed to pay them at least minimum wage for all hours worked;

(5)     failed to pay them overtime wages at the correct rate;

(6)     failed to pay them double time wages at the correct rate;

(7)     failed to provide them with accurate written wage statements; and

(8)     failed to pay them all of their final wages following separation of employment.

Based on these alleged Labor Code violations, Plaintiff now brings this class action to recover unpaid wages, restitution and related relief on behalf of himself, all others similarly situated, and the general public.

## JURISDICTON AND VENUE

2.     This Court has subject matter jurisdiction to hear this case because the monetary damages and restitution sought by Plaintiff from Defendants conduct exceeds the minimal jurisdiction of the Superior Court of the State of California.

3.     Venue is proper in the County of Santa Clara pursuant to Code of Civil Procedure sections 395(a) and 395.5 in that liability arose this county because at least some of the transactions

1

FIRST AMENDED CLASS ACTION COMPLAINT

Exhibit C

Exhibit C

1  that are the subject matter of this Complaint occurred therein and/or each defendant is found,

2  maintains offices, transacts business and/or has an agent therein.

3  **PARTIES**

4      4.      Plaintiff RICK PARSITTIE is, and at all relevant times mentioned herein, an

5  individual residing in the State of California.

6      5.      Plaintiff is informed and believes, and thereupon alleges that Defendant

7  SCHNEIDER LOGISTICS, INC. is, and at all relevant times mentioned herein, a Wisconsin

8  corporation doing business in the State of California.

9      6.      Plaintiff is informed and believes, and thereupon alleges that Defendant

10 SCHNEIDER LOGISTICS TRANSPORTATION, INC. is, and at all relevant times mentioned

11 herein, a Louisiana corporation doing business in the State of California.

12     7.      Plaintiff is informed and believes, and thereupon alleges that Defendant

13 SCHNEIDER LOGISTICS TRANSLOADING AND DISTRIBUTION, INC. is, and at all relevant

14 times mentioned herein, a Wisconsin corporation doing business in the State of California.

15     8.      Plaintiff is ignorant of the true names and capacities of the defendants sued herein as

16 DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names.

17 Plaintiff will amend this Complaint to allege the true names and capacities of the DOE defendants

18 when ascertained.  Plaintiff is informed and believes, and thereupon alleges that each of the

19 fictitiously named defendants are responsible in some manner for the occurrences, acts and

20 omissions alleged herein and that Plaintiff's alleged damages were proximately caused by these

21 defendants, and each of them.  Plaintiff will amend this complaint to allege both the true names and

22 capacities of the DOE defendants when ascertained.

23     9.      Plaintiff is informed and believes, and thereupon alleges that, at all relevant times

24 mentioned herein, some or all of the defendants were the representatives, agents, employees,

25 partners, directors, associates, joint venturers, principals or co-participants of some or all of the

26 other defendants, and in doing the things alleged herein, were acting within the course and scope of

27 such relationship and with the full knowledge, consent and ratification by such other defendants.

28     10.     Plaintiff is informed and believes, and thereupon alleges that, at all relevant times

FIRST AMENDED CLASS ACTION COMPLAINT

Exhibit C

Exhibit C

mentioned herein, some of the defendants pursued a common course of conduct, acted in concert and conspired with one another, and aided and abetted one another to accomplish the occurrences, acts and omissions alleged herein.

## CLASS ALLEGATIONS

11.     This action has been brought and may be maintained as a class action pursuant to Code of Civil Procedure section 382 because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class action.

12.     **Relevant Time Period**:  The relevant time period is defined as the time period beginning four years prior to the filing of this action until judgment is entered.

**Hourly Employee Class**:  All persons employed by Defendants and/or any staffing agencies and/or any other third parties in hourly or non-exempt positions in California during the **Relevant Time Period**.

**Meal Period Sub-Class**:  All **Hourly Employee Class** members who worked in a shift in excess of five hours during the **Relevant Time Period**.

**Rest Period Sub-Class**:  All **Hourly Employee Class** members who worked a shift of at least three and one-half (3.5) hours during the **Relevant Time Period**.

**Wage Statement Penalties Sub-Class**:  All **Hourly Employee Class** members employed by Defendants in California during the period beginning one year before the filing of this action and ending when final judgment is entered.

**Waiting Time Penalties Sub-Class**:  All **Hourly Employee Class** members who separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered.

**UCL Class**:  All **Hourly Employee Class** members employed by Defendants in California during the **Relevant Time Period**.

13.     **Reservation of Rights**:  Pursuant to Rule of Court 3.765(b), Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into sub-classes and/or by limitation to particular issues.

14.     **Numerosity**:  The class members are so numerous that the individual joinder of each individual class member is impractical.  While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes, and thereupon alleges that the actual number exceeds the minimum required for numerosity under California law.

FIRST AMENDED CLASS ACTION COMPLAINT

Exhibit C

Exhibit C

15.    **Commonality and Predominance:**  Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members. These common questions include, but are not limited to:

A.    Whether Defendants maintained a policy or practice of failing to provide employees with their meal periods;

B.    Whether Defendants maintained a policy or practice of failing to provide employees with their rest periods;

C.    Whether Defendants failed to pay premium wages to class members when they have not been provided with required meal and/or rest periods;

D.    Whether Defendants failed to pay minimum and/or overtime wages to class members as a result of policies that fail to provide meal periods in accordance with California law;

E.    Whether Defendants failed to pay minimum and/or overtime wages to class members for all time worked;

F.    Whether Defendants failed to provide class members with accurate written wage statements as a result of providing them with written wage statements with inaccurate entries for, among other things, amounts of gross and net wages, and total hours worked;

G.    Whether Defendants applied policies or practices that result in late and/or incomplete final wage payments;

H.    Whether Defendants are liable to class members for waiting time penalties under Labor Code section 203;

I.    Whether class members are entitled to restitution of money or property that Defendants may have acquired from them through unfair competition;

16.    **Typicality:**  Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes and thereupon alleges that Defendants have a policy or practice of failing to comply with the Labor Code and Business and Professions Code as alleged in this Complaint.

FIRST AMENDED CLASS ACTION COMPLAINT

Exhibit C

Exhibit C

17.    **Adequacy of Class Representative:**  Plaintiff is an adequate class representative in that he has no interests that are adverse to, or otherwise conflict with, the interests of absent class members and is dedicated to vigorously prosecuting this action on their behalf.  Plaintiff will fairly and adequately represent and protect the interests of the other class members.

18.    **Adequacy of Class Counsel:**  Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

19.    **Superiority:**  A class action is vastly superior to other available means for fair and efficient adjudication of the class members' claims and would be beneficial to the parties and the Court.  Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail.  In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make I difficult, if not impossible, for individual class members to both seek and obtain relief.  Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of monies owed to them.  Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

## GENERAL ALLEGATIONS

20.    Plaintiff worked for Defendants as a non-exempt, hourly employee from approximately December 2016 through September 21, 2017.

### Missed Meal Periods

21.    Plaintiff and the putative class members were not provided with meal periods of at least thirty (30) minutes for each five (5) hour work period due to (1) Defendants' policy of not scheduling each meal period as part of each work shift; (2) chronically understaffing each work shift with not enough workers; (3) imposing so much work on each employee such that it made it unlikely that an employee would be able to take their breaks if they wanted to finish their work on time; and (4) no formal written meal and rest period policy that encouraged employees to take their

Exhibit C

Exhibit C

1   meal and rest periods.

2       22.     As a result of Defendants' policy, Plaintiff and the putative class were regularly not

3   provided with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hours

4   worked due to complying with Defendants' productivity requirements that required Plaintiff and

5   the putative class to work through their meal periods in order to complete their assignments on

6   time.

7                              **Missed Rest Periods**

8       23.     Plaintiff and the putative class members were not provided with rest periods of at

9   least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1)

10  Defendants' policy of not scheduling each est period as part of each work shift; (2) chronically

11  understaffing each work shift with not enough workers; (3) imposing so much work on each

12  employee such that it made it unlikely that an employee would be able to take their breaks if they

13  wanted to finish their work on time; and (4) no formal written meal and rest period policy that

14  encouraged employees to take their meal and rest periods.

15      24.     As a result of Defendants' policy, Plaintiff and the putative class were regularly not

16  provided with uninterrupted rest periods of at least ten (10) minutes for each four (4) hours worked

17  due to complying with Defendants' productivity requirements that required Plaintiff and the

18  putative class to work through their rest periods in order to complete their assignments on time.

19                              **Wage Statements**

20      25.     Plaintiff and the putative class were not provided with accurate wage statements as

21  mandated by law pursuant to Labor Code section 226.

22      26.     Defendants failed to comply with Labor Code section 226(a)(1) as "gross wages

23  earned" were not accurately reflected in that: all hours worked, including overtime, were not

24  included.

25      27.     Defendants failed to comply with Labor Code section 226(a)(2) as "total hours

26  worked by the employee" were not accurately reflected in that: all hours worked, including

27  overtime, were not included.

28      28.     Defendants failed to comply with Labor Code section 226(a)(5) as "net wages

FIRST AMENDED CLASS ACTION COMPLAINT

Exhibit C

Exhibit C

1   earned" were not accurately reflected in that: all hours worked, including overtime, were not

2   included.

3        29.    Defendants failed to comply with Labor Code section 226(a)(9) as "all applicable

4   hourly rates in effect during the pay period and the corresponding number of hours worked at each

5   hourly rate by the employee" were not accurately reflected in that: all hours worked, including

6   overtime, were not included.

7   **FIRST CAUSE OF ACTION**

8   **FAILURE TO PROVIDE MEAL PERIODS**

9   **(Lab. Code §§ 004, 223, 226.7, 512 and 1198)**

10  **(Plaintiff and Meal Period Sub-Class)**

11       30.    Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if

12  fully alleged herein.

13       31.    At all relevant times, Plaintiff and the **Meal Period Sub-Class** members have been

14  non-exempt employees of Defendant entitled to the full meal period protections of both the Labor

15  Code and the applicable Industrial Welfare Commission Wage Order.

16       32.    Labor Code section 512 and Section 11 of the applicable Industrial Welfare

17  Commission Wage Order impose an affirmative obligation on employers to provide non-exempt

18  employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period

19  of five hours, and to provide them with two uninterrupted, duty-free meal periods of at least thirty

20  minutes for each work period of ten hours.

21       33.    Labor Code section 226.7 and Section 11 of the applicable Industrial Welfare

22  Commission Wage Order ("Wage Order") both prohibit employers from requiring employees to

23  work during required meal periods and require employers to pay non-exempt employees an hour of

24  premium wages on each workday that the employee is not provided with the required meal period.

25       34.    Compensation for missed meal periods constitutes wages within the meaning of

26  Labor Code section 200.

27       35.    Labor Code section 1198 makes it unlawful to employ a person under conditions that

28  violate the applicable Wage Order.

7

Exhibit C

Exhibit C

36.    Section 11 of the applicable Wage Order states:

"No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked. An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

37.    At all relevant times, Plaintiff was not subject to a valid on-duty meal period agreement. Plaintiff is informed and believes that, at all relevant times, **Meal Period Sub-Class** members were not subject to valid on-duty meal period agreements with Defendants.

38.    Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal Period Sub-Class** with uninterrupted, duty-free meal periods for at least thirty (30) minutes for each five (5) hour work period, as required by Labor Code section 512 ad the applicable Wage Order.

39.    Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of failing to pay premium wages to **Meal Period Sub-Class** members when they worked five (5) hours without clocking out for any meal period.

40.    Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal Period Sub-Class** with a second meal period when they worked shifts of ten or more hours and failed to pay them premium wages as required by Labor Code 512 and the applicable Wage Order.

41.    Moreover, Defendants written policies do not provide that employees must take their first meal period before the end of the fifth hour of work, that they are entitled to a second meal period if they work a shift of over ten hours, or that the second meal period must commence before the end of the tenth hour of work, unless waived.

42.    At all relevant times, Defendants failed to pay Plaintiff and the **Meal Period Sub-Class** members additional premium wages, and/or were not paid premium wages at the employees'

Exhibit C

1 | regular rates of pay when required meal periods were not provided.

2 |         43.    Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of himself

3 | and the **Meal Period Sub-Class** members, seek to recover unpaid premium wages, interest thereon,

4 | and costs of suit.

5 |         44.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the

6 | substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and

7 | the **Meal Period Sub-Class** members, seek to recover reasonable attorneys' fees.

8 |                    **SECOND CAUSE OF ACTION**

9 |                 **FAILURE TO PROVIDE REST PERIODS**

10 |                 **(Lab. Code §§ 204, 223, 226.7 and 1198)**

11 |                 **(Plaintiff and Rest Period Sub-Class)**

12 |         45.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

13 | herein.

14 |         46.    At all relevant times, Plaintiff and the **Rest Period Sub-Class** members have been

15 | non-exempt employees of Defendants entitled to the full rest period protections of both the Labor

16 | Code and the applicable Wage Order.

17 |         47.    Section 12 of the applicable Wage Order imposes an affirmative obligation on

18 | employers to permit and authorize employees to take required rest periods at a rate of no less than

19 | ten minutes of net rest time for each four hour work period, or major fraction thereof, that must be

20 | in the middle of each work period insofar as practicable.

21 |         48.    Labor Code section 226.7 and Section 12 of the applicable Wage Order both prohibit

22 | employers from requiring employees to work during required rest periods and require employers to

23 | pay non-exempt employees an hour of premium wages at the employees' regular rates of pay, on

24 | each workday that the employee is not provided with the required rest period(s).

25 |         49.    Compensation for missed rest periods constitutes wages within the meaning of Labor

26 | Code section 200.

27 |         50.    Labor Code section 1198 makes it unlawful to employ a person under conditions that

28 | violate the Wage Order.

Exhibit C

Exhibit C

51.     Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing members of the **Rest Period Sub-Class** with net rest period of at least ten minutes for each four hour work period, or major fraction thereof, as required by the applicable Wage Order.

52.     At all relevant times, Defendants failed to pay Plaintiff and the **Rest Period Sub-Class** members additional premium wages when required rest periods were not provided.

53.     Specifically, Defendants written policies do not provide that employees may take a rest period for each four hours worked, or major fraction thereof, and that rest periods should be taken in the middle of each work period insofar as practicable.

54.     Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of himself and **Rest Period Sub-Class** members, seek to recover unpaid premium wages, interest thereon, and costs of suit.

55.     Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **Rest Period Sub-Class** members, seek to recover reasonable attorneys' fees.

## THIRD CAUSE OF ACTION

### FAILURE TO PAY HOURLY AND OVERTIME WAGES

**(Lab. Code §§ 223, 510, 1194, 1197 and 1198)**

**(Plaintiff and Hourly Employee Class)**

56.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

57.     At all relevant times, Plaintiff and **Hourly Employee Class** members are or have been non-exempt employees of Defendants entitled to the full protections of the Labor Code and the applicable Wage Order.

58.     Section 2 of the applicable Wage Order defines "hours worked" as "the time during which an employee is subject to the control of the employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

59.     Section 4 of the applicable Wage Order requires an employer to pay non-exempt

10

Exhibit C

1  employees at least the minimum wage set forth therein for all hours worked, which consist of all
2  hours that an employer has actual or constructive knowledge that employees are working.

3      60.     Labor Code section 1194 invalidates any agreement between an employer and an
4  employee to work for less than the minimum or overtime wage required under the applicable Wage
5  Order.

6      61.     Labor Code section 1194.2 entitles non-exempt employees to recover liquidated
7  damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in
8  addition to the underlying unpaid minimum wages and interest thereon.

9      62.     Labor Code section 1197 makes it unlawful for an employer to pay an employee less
10  than the minimum wage required under the applicable Wage Order for all hours worked during a
11  payroll period.

12      63.     Labor Code section 1197.1 provides that it is unlawful for any employer or any other
13  person acting either individually or as an officer, agent or employee of another person, to pay an
14  employee, or cause an employee to be paid, less than the applicable minimum wage.

15      64.     Labor Code section 1198 makes it unlawful for employers to employ employees
16  under conditions that violate the applicable Wage Order.

17      65.     Labor Code section 204 requires employers to pay non-exempt employees their
18  earned wages for the normal work period at least twice during each calendar month on days the
19  employer designates in advance and to pay non-exempt employees their earned wages for labor
20  performed in excess of the normal work period by no later than the next regular payday.

21      66.     Labor Code section 223 makes it unlawful for employers to pay their employees
22  lower wages than required by contract or statute while purporting to pay them legal wages.

23      67.     Labor Code section 510 and Section 3 of the applicable Wage Order require
24  employees to pay non-exempt employees overtime wages of no less than one and one-half times
25  their respective regular rates of pay for all hours worked in excess of eight hours in one workday, all
26  hours worked in excess of forty hours in one workweek, and/or for the first eight hours worked on
27  the seventh consecutive day of one workweek.

28      68.     Labor Code section 510 and Section 3 of the applicable Wage Order also require

Exhibit C

Exhibit C

1   employers to pay non-exempt employees overtime wages of no less than two times their respective

2   regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours

3   worked in excess of eight hours on a seventh consecutive workday during the workweek.

4       69.    Plaintiff is informed and believes that, at all relevant times, Defendants have applied

5   centrally devised policies and practices to her and **Hourly Employee Class** members with respect

6   to working conditions and compensation arrangements.

7       70.    At all relevant times, Defendants failed to pay hourly wages to Plaintiff and **Hourly**

8   **Employee Class** members for all time worked, including but not limited to, overtime hours at

9   statutory and/or agreed rates.

10      71.    During the relevant time period, Defendants failed to pay Plaintiff and **Hourly**

11  **Employee Class** members all earned wages every pay period at the correct rates, including

12  overtime rates, because Defendants directed, permitted or otherwise encouraged Plaintiff and

13  **Hourly Employee Class** members to perform off-the-clock work.

14      72.    As a result of Defendants' unlawful conduct, Plaintiff and **Hourly Employee Class**

15  members have suffered damages in an amount, subject to proof, to the extent they were not paid the

16  full amount of wages earned during each pay period during the applicable limitations period,

17  including overtime wages.

18      73.    Pursuant to Labor Code sections 204, 218.6, 223, 510, 1194 and 1194.2, Plaintiff, on

19  behalf of himself and **Hourly Employee Class** members, seek to recover unpaid straight time and

20  overtime wages, interest thereon and costs of suit.

21      74.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the

22  substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and

23  **Hourly Employee Class** members, seek to recover reasonable attorneys' fees.

24  ///

25  ///

26  ///

27  ///

28  ///

FIRST AMENDED CLASS ACTION COMPLAINT

Exhibit C

Exhibit C

## FOURTH CAUSE OF ACTION

## FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS

### (Lab. Code § 226)

### (Plaintiff and Wage Statement Penalties Sub-Class)

75.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

76.    Labor Code section 226(a) states:

> "An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment.  The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.  For purposes of this subdivision, 'copy' includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision."

77.    The Division of Labor Standards Enforcement ("DLSE") has sought to harmonize the "detachable part of the check" provision and the "accurate itemized statement in writing" provision of Labor Code section 226(a) by allowing for electronic wage statements so long as each employee retains the right to elect to receive a written paper stub or record and that those who are provided with electronic wage statements retain the ability to easily access the information and convert the electronic statements into hard copies at no expense to the employee. (DLSE Opinion Letter July 6, 2006).

78.    Plaintiff is informed and believes that, at all relevant times during the applicable

Exhibit C

Exhibit C

1  limitations period, Defendants have failed to provide **Wage Statement Penalties Sub-Class**

2  members with written wage statements as described above.

3       79.    Plaintiff is informed and believes that Defendants' failure to provide her and **Wage**

4  **Statement Penalties Sub-Class** members with accurate written wage statements were intentional in

5  that Defendants have the ability to provide them with accurate wage statements but have

6  intentionally provided them with written wage statements that Defendants have known do not

7  comply with Labor Code section 226(a).

8       80.    Plaintiff and **Wage Statement Penalties Sub-Class** members have suffered injuries,

9  in that Defendants have violated their legal rights to receive accurate wage statements and have

10  misled them about their actual rates of pay and wages earned.  In addition, inaccurate information

11  on their wage statements have prevented immediate challenges to Defendants' unlawful pay

12  practices, has required discovery and mathematical computations to determine the amount of wages

13  owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or

14  has led to the submission of inaccurate information about wages and deductions to federal and state

15  government agencies.

16       81.    Pursuant to Labor Code section 226(e), Plaintiff, on behalf of himself and **Wage**

17  **Statement Penalties Sub-Class** members, seek the greater of actual damages or $50.00 for the

18  initial pay period in which a violation of Labor Code section 226(a) occurred, and $100.00 for each

19  subsequent pay period in which a violation of Labor Code section 226(a) occurred, not to exceed an

20  aggregate penalty of $4000.00 per class member, as well as awards of reasonable attorneys' fees

21  and costs.

22  **FIFTH CAUSE OF ACTION**

23  **FAILURE TO TIMELY PAY ALL FINAL WAGES**

24  **(Lab. Code §§ 201-203)**

25  **(Plaintiff and Waiting Time Penalties Sub-Class)**

26       82.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

27  herein.

28       83.    At all relevant times, Plaintiff and **Waiting Time Penalties Sub-Class** members

FIRST AMENDED CLASS ACTION COMPLAINT

Exhibit C

Exhibit C

1  have been entitled, upon the end of their employment with Defendants, to timely payment of all

2  wages earned and unpaid before termination or resignation.

3       84.    At all relevant times, pursuant to Labor Code section 201, employees who have been

4  discharged have been entitled to payment of all final wages immediately upon termination.

5       85.    At all relevant times, pursuant to Labor Code section 202, employees who have

6  resigned after giving at least seventy-two (72) hours notice of resignation have been entitled to

7  payment of all final wages at the time of resignation.

8       86.    At all relevant times, pursuant to Labor Code section 202, employees who have

9  resigned after giving less than seventy-two (72) hours notice of resignation have been entitled to

10  payment of all final wages within seventy-two (72) hours of giving notice of resignation.

11       87.    During the applicable limitations period, Defendants failed to pay Plaintiff all of her

12  final wages in accordance with the Labor Code by failing to timely pay her all of her final wages.

13       88.    Plaintiff is informed and believes that, at all relevant time during the applicable

14  limitations period, Defendants have failed to timely pay **Waiting Time Penalties Sub-Class**

15  members all of their final wages in accordance with the Labor Code.

16       89.    Plaintiff is informed and believes that, at all relevant times during the applicable

17  limitations period, Defendants have maintained a policy or practice of paying **Waiting Time**

18  **Penalties Sub-Class** members their final wages without regard to the requirements of Labor Code

19  sections 201 or 202 by failing to timely pay them all final wages.

20       90.    Plaintiff is informed and believes and thereupon alleges that Defendants' failure to

21  timely pay all final wages to her and **Waiting Time Penalties Sub-Class** members have been

22  willful in that Defendants have the ability to pay final wages in accordance with Labor Code

23  sections 201 and/or 202 but have intentionally adopted policies or practices that are incompatible

24  with those requirements.

25       91.    Pursuant to Labor Code sections 203 and 218.6, Plaintiff, on behalf of himself and

26  **Waiting Time Penalties Sub-Class** members, seek waiting time penalties from the dates that their

27  final wages have first become due until paid, up to a maximum of thirty days, and interest thereon.

28       92.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine

Exhibit C

Exhibit C

1  and/or the common fund doctrine, Plaintiff, on behalf of himself and **Waiting Time Penalties Sub-**

2  **Class** members, seek awards of reasonable attorneys' fees and costs.

### SIXTH CAUSE OF ACTION

### UNFAIR COMPETITION

#### (Bus. & Prof. Code §§ 17200 *et seq.*)

#### (Plaintiff and UCL Class)

7      93.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

8  herein.

9      94.    Business and Professions Code section 17200 defines "unfair competition" to

10  include any unlawful business practice.

11      95.    Business and Professions Code section 17203-17204 allow a person who has lost

12  money or property as a result of unfair competition to bring a class action in accordance with Code

13  of Civil Procedure section 382 to recover money or property that may have been acquired from

14  similarly situated persons by means of unfair competition.

15      96.    California law requires employers to pay hourly, non-exempt employees for all hours

16  they are permitted or suffered to work, including hours that the employer knows or reasonable

17  should know that employees have worked.

18      97.    Plaintiff and the **UCL Class** members re-alleges and incorporates the FIRST,

19  SECOND and THIRD causes of action herein.

20      98.    Plaintiff lost money or property as a result of the aforementioned unfair competition.

21      99.    Defendants have or may have acquired money by means of unfair competition.

22      100.    Plaintiff is informed and believes and thereupon alleges that by committing the

23  Labor Code violations described in this Complaint, Defendants violated Labor Code sections 215,

24  216, 225, 226.6, 354, 408, 553, 1175, 1199 and 2802, which make it a misdemeanor to commit the

25  Labor Code violations alleged herein.

26      101.    Defendants have committed criminal conduct through their policies and practices of,

27  *inter alia*, failing to comport with their affirmative obligations as an employer to provide non-

28  exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each

FIRST AMENDED CLASS ACTION COMPLAINT

Exhibit C

Exhibit C

1   work period of five or more hours, by failing to provide non-exempt employees with a ten-minute

2   rest period for every four hours worked or major fraction thereof, and by failing to pay non-exempt

3   employees for all hours worked.

4       102.   At all relevant times, Plaintiff and **UCL Class** members have been non-exempt

5   employees and entitled to the full protections of both the Labor Code and the applicable Wage

6   Order.

7       103.   Defendants' unlawful conduct as alleged in this Complaint amounts to and

8   constitutes unfair competition within the meaning of Business and Professions Code section 17200

9   *et seq.* Business and Professions Code sections 17200 *et seq.* protects against unfair competition

10  and allows a person who has suffered an injury-in-fact and has lost money or property as a result of

11  an unfair, unlawful or fraudulent business practice to seek restitution on her own behalf and on

12  behalf of similarly situated persons in a class action proceeding.

13      104.   As a result of Defendants' violations of the Labor Code during the applicable

14  limitations period, Plaintiff has suffered an injury-in-fact and has lost money or property in the form

15  of earned wages. Specifically, Plaintiff has lost money or property as a result of Defendants'

16  conduct.

17      105.   Plaintiff is informed and believes that other similarly situated persons have been

18  subject to the same unlawful policies or practices of Defendants.

19      106.   Due to the unfair and unlawful business practices in violation of the Labor Code,

20  Defendants have gained a competitive advantage over other comparable companies doing business

21  in the State of California that comply with their legal obligations.

22      107.   California's Unfair Competition Law ("UCL") permits civil recovery and injunctive

23  for "any unlawful, unfair or fraudulent business act or practice," including if a practice or act

24  violates or is considered unlawful under any other state or federal law.

25      108.   Accordingly, pursuant to Bus. & Prof. Code sections 17200 and 17203, Plaintiffs

26  request the issuance of temporary, preliminary and permanent injunctive relief enjoining

27  Defendants, and each of them, and their agents and employees, from further violations of the Labor

28  Code and applicable Industrial Welfare Commission Wage Orders; and upon a final hearing seek

Exhibit C

1  an order permanently enjoining Defendants, and each of them, and their respective agents and

2  employees, from further violations of the Labor Code and applicable Industrial Welfare

3  Commission Wage Orders.

4      109.    Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of

5  himself and **UCL Class** members, seek declaratory relief and restitution of all monies rightfully

6  belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful

7  and unfair business practices.

8      110.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine

9  and/or the common fund doctrine, Plaintiff and **UCL Class** members are entitled to recover

10  reasonable attorneys' fees in connection with their unfair competition claims.

11                          **SEVENTH CAUSE OF ACTION**

12                                **CIVIL PENALTIES**

13                          **(Lab. Code §§ 2698 *et seq.*)**

14      111.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

15  herein.

16      112.    During the applicable limitations period, Defendants have violated Labor Code

17  sections 201, 202, 203, 204, 223, 226(a), 226.7, 227.3, 510, 512, 1194, 1197, 1198 and 2802.

18      113.    Labor Code sections 2699(a) and (g) authorize an aggrieved employee, on behalf of

19  himself and other current and former employees, to bring a representative civil action to recover

20  civil penalties pursuant to the procedures set forth in Labor Code section 2699.3 that may, but need

21  not, be brought or maintained as a class action pursuant to Code of Civil Procedure section 382.

22      114.    Plaintiff, a former employee against who Defendants committed one or more of the

23  alleged Labor Code violations during the applicable limitations period, is an aggrieved employee

24  within the meaning of Labor Code section 2699(c).

25      115.    Plaintiff has complied with the procedures for bringing suit specified in Labor Code

26  section 2699.3.

27      116.    Pursuant to Labor Code sections 2699(a) and (f), Plaintiff seeks the following civil

28  penalties for Defendants' violations of Labor Code sections 201, 202, 203, 204, 223, 226(a), 226.7,

Exhibit C

227.3, 510, 512, 1194, 1197, 1198 and 2802:

    A.      For violations of Labor Code sections 201, 202, 203, 212, 226.7, 227.3, 1194, 1198 and 2802, $100 for each employee per pay period for each initial violation and $200 for each employee per pay period for each subsequent violation (penalties set by Labor Code section 2699(f)(2));

    B.      For violations of Labor Code section 203, a penalty in an amount not exceeding thirty days pay as waiting time (penalties set by Labor Code section 256);

    C.      For violations of Labor Code section 204, $100 for each employee for each initial violation that was neither willful nor intentional, $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each initial violation that was either willful or intentional, and $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each subsequent violation, regardless of whether the subsequent violation was either willful or intentional (penalties set by Labor Code section 210);

    D.      For violations of Labor Code section 223, $100 for each employee for each initial violation that was neither willful nor intentional, $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each initial violation that was either willful or intentional, and $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each subsequent violation, regardless of whether the subsequent violation was either willful or intentional (penalties set by Labor Code section 225.5);

    E.      For violations of Labor Code section 226(a), if this action is deemed to be an initial citation, $250 for each employee for each violation. Alternatively, if an initial citation or its equivalent occurred before the filing of this action, $1,000 for each employee for each violation (penalties set by Labor Code

Exhibit C

Exhibit C

section 226.3);

F.    For violation of Labor Code sections 510 and 512, $50 for each employee for each initial pay period for which the employee was underpaid, and $100 for each employee for each subsequent pay period for which the employee was underpaid (penalties set by Labor Code section 558);

G.    For violations of Labor Code section 1197, $100 for each aggrieved employee for each initial violation of Labor Code section 1197 that was intentional, and $250 for each aggrieved employee per pay period for each subsequent violation of Labor Code section 1197, regardless of whether the initial violation was intentional (penalties set by Labor Code section 1197.1);

H.    Pursuant to Labor Code section 2699(g), Plaintiff seeks award of reasonable attorneys' fees and costs in connection with her claims for civil penalties.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, all others similarly situated and the general public, prays for relief and judgment against Defendants as follows:

(1)    An order that the action be certified as a class action;

(2)    An order that Plaintiff be appointed class representative;

(3)    An order that counsel for Plaintiff be appointed class counsel;

(4)    Unpaid wages;

(5)    Actual damages;

(6)    Liquidated damages;

(7)    Restitution;

(8)    Declaratory relief;

(9)    Pre-judgment interest;

(10)    Statutory penalties;

(11)    Civil penalties;

(12)    Costs of suit;

FIRST AMENDED CLASS ACTION COMPLAINT

Exhibit C

Exhibit C

(13)    Reasonable attorneys' fees; and

(14)    Such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of himself, all others similarly situated, and the general public hereby demands a jury trial on all issues so triable.

DATED:  November 21, 2018                 SETAREH LAW GROUP



SHAUN SETAREH
Attorneys for Plaintiff
RICK PARSITTIE

21
FIRST AMENDED CLASS ACTION COMPLAINT

Exhibit C

**Exhibit D**

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* 204514 | FOR COURT USE ONLY |
|---|---|
| Shaun Setareh, Esq.<br>315 South Beverly Drive, Suite 315<br>Beverly Hills, California 90212<br><br>TELEPHONE NO.: 310-888-7771    FAX NO. *(Optional):* 310-888-0109<br>E-MAIL ADDRESS *(Optional):* shaun@setarehlaw.com<br>ATTORNEY FOR *(Name):* Rick Parsittie | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 North First Street
MAILING ADDRESS: 191 North First Street
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Downtown Superior Court

PLAINTIFF/PETITIONER: Rick Parsittie

DEFENDANT/RESPONDENT: Schneider Logistics, Inc., et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>18CV335339 |
|---|---|

TO *(insert name of party being served):* Schneider Logistics Transloading and Distribution, Inc.

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: 12-11-18

Thomas Segal
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✓]  A copy of the summons and of the complaint.
2. [✓]  Other *(specify):*
   Civil Case Cover Sheet
   First Amended Complaint

*(To be completed by recipient):*

Date this form is signed: 12/31/18

SABRINA A. BELDNER
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,          (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                          ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

**Exhibit D**

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): 204514 | FOR COURT USE ONLY |
|---|---|
| Shaun Setareh, Esq.<br>315 South Beverly Drive, Suite 315<br>Beverly Hills, California 90212<br><br>TELEPHONE NO.: 310-888-7771    FAX NO. (Optional): 310-888-0109<br>E-MAIL ADDRESS (Optional): shaun@setarehlaw.com<br>ATTORNEY FOR (Name): Rick Parsittie | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 North First Street
MAILING ADDRESS: 191 North First Street
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Downtown Superior Court

PLAINTIFF/PETITIONER: Rick Parsittie

DEFENDANT/RESPONDENT: Schneider Logistics, Inc., et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>18CV335339 |
|---|---|

TO (insert name of party being served): Schneider Logistics Transportation, Inc.

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 12-11-18

Thomas Segal
_____
(TYPE OR PRINT NAME)                              (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):
1. ☑ A copy of the summons and of the complaint.
2. ☑ Other (specify):
   Civil Case Cover Sheet
   First Amended Complaint

(To be completed by recipient):

Date this form is signed: 12/31/18

SABRINA A. BELDNER
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)                     (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
                                                          ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

Exhibit D

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* 204514 | FOR COURT USE ONLY |
|---|---|
| Shaun Setareh, Esq. 315 South Beverly Drive, Suite 315 Beverly Hills, California 90212 TELEPHONE NO.: 310-888-7771     FAX NO. *(Optional):* 310-888-0109 E-MAIL ADDRESS *(Optional):* shaun@setarehlaw.com ATTORNEY FOR *(Name):* Rick Parsittie | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Santa Clara
STREET ADDRESS: 191 North First Street
MAILING ADDRESS: 191 North First Street
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Downtown Superior Court

PLAINTIFF/PETITIONER: Rick Parsittie

DEFENDANT/RESPONDENT: Schneider Logistics, Inc., et al.

| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER: 18CV335339 |
|---|---|

TO *(insert name of party being served):* Schneider Logistics, Inc.

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 12-11-18

Thomas Segal
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✔] A copy of the summons and of the complaint.
2. [✔] Other *(specify):*
   Civil Case Cover Sheet
   First Amended Complaint

*(To be completed by recipient):*

Date this form is signed: 12/31/18

SABRINA A. BELDNER
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure, §§ 415.30, 417.10 www.courtinfo.ca.gov |
|---|---|---|

Exhibit D

Exhibit E

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:** <br> *(AVISO AL DEMANDADO):* <br><br> SCHNEIDER LOGISTICS, INC., a Wisconsin corporation; <br> (Additional Parties Attachment form is attached.) <br><br> **YOU ARE BEING SUED BY PLAINTIFF:** <br> *(LO ESTÁ DEMANDANDO EL DEMANDANTE):* <br><br> RICK PARSITTIE, on behalf of himself, all others similarly situated, | **FOR COURT USE ONLY** <br> *(SOLO PARA USO DE LA CORTE)* <br><br> E-FILED <br> 9/21/2018 5:10 PM <br> Clerk of Court <br> Superior Court of CA, <br> County of Santa Clara <br> 18CV335339 <br> Reviewed By: E. Fang <br> Envelope: 1979062 |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* Downtown Superior Court <br><br> 191 North First Street <br> San Jose, California 95113 | CASE NUMBER: <br> *(Número del Caso):* 18CV335339 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Shaun Setareh, Esq., 315 South Beverly Drive, Suite 315, Beverly Hills, California 90212, (310) 888-7771

| | | | |
|---|---|---|---|
| DATE: 9/21/2018 5:10 PM <br> *(Fecha)* | Clerk of Court | Clerk, by   E. Fang <br> *(Secretario)* | , Deputy <br> *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465 <br> www.courtinfo.ca.gov

Page 1 of 1

Exhibit E

**SUM-200(A)**

| SHORT TITLE:<br>\_ Parsittie v. Schneider Logistics, Inc., et al. | CASE NUMBER: |
|---|---|

## INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

[ ] Plaintiff  [✓] Defendant  [ ] Cross-Complainant  [ ] Cross-Defendant

SCHNEIDER LOGISTICS TRANSPORTATION, INC., a Louisiana corporation; SCHNEIDER LOGISTICS TRANSLOADING AND DISTRIBUTION, INC., a Wisconsin corporation; CONNECT STAFFING, INC., a California corporation; and DOES 1 through 50, inclusive,

Page  1  of  1

**Page 1 of 1**

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Exhibit F

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Shaun Setareh (SBN 204514)<br>SETAREH LAW GROUP<br>315 South Beverly Drive, Suite 315<br>Beverly Hills, California 90212<br>TELEPHONE NO.: (310) 888-7771  FAX NO.: (310) 888-0109<br>ATTORNEY FOR *(Name):* Rick Parsittie | **Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 9/21/2018 5:10 PM<br>Reviewed By: E. Fang<br>Case #18CV335339<br>Envelope: 1979062** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Santa Clara
STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, California 95113
BRANCH NAME: Downtown Superior Court

CASE NAME:
Parsittie v. Schneider Logistics, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 18CV335339 |
| | | | JUDGE: | |
| | | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [✓] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [✓] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [✓] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* Six
5. This case [✓] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 21, 2018

Shaun Setareh, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

Exhibit F

Exhibit F

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
 Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
 Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
 Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
   Wrongful Death
 Product Liability *(not asbestos or
  toxic/environmental)* (24)
 Medical Malpractice (45)
  Medical Malpractice–
   Physicians & Surgeons
  Other Professional Health Care
   Malpractice
 Other PI/PD/WD (23)
  Premises Liability (e.g., slip
   and fall)
  Intentional Bodily Injury/PD/WD
   (e.g., assault, vandalism)
  Intentional Infliction of
   Emotional Distress
  Negligent Infliction of
   Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
 Business Tort/Unfair Business
  Practice (07)
 Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
 Defamation (e.g., slander, libel)
  (13)
 Fraud (16)
 Intellectual Property (19)
 Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
   *(not medical or legal)*
 Other Non-PI/PD/WD Tort (35)
**Employment**
 Wrongful Termination (36)
 Other Employment (15)

**Contract**
 Breach of Contract/Warranty (06)
  Breach of Rental/Lease
   Contract *(not unlawful detainer
   or wrongful eviction)*
  Contract/Warranty Breach–Seller
   Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
   Warranty
  Other Breach of Contract/Warranty
 Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
   Case
 Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
 Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
 Eminent Domain/Inverse
  Condemnation (14)
 Wrongful Eviction (33)
 Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
   domain, landlord/tenant, or
   foreclosure)*
**Unlawful Detainer**
 Commercial (31)
 Residential (32)
 Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
 Asset Forfeiture (05)
 Petition Re: Arbitration Award (11)
 Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
   Case Matter
  Writ–Other Limited Court Case
   Review
 Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
   Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
 Antitrust/Trade Regulation (03)
 Construction Defect (10)
 Claims Involving Mass Tort (40)
 Securities Litigation (28)
 Environmental/Toxic Tort (30)
 Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
 Enforcement of Judgment (20)
  Abstract of Judgment (Out of
   County)
  Confession of Judgment *(non-
   domestic relations)*
  Sister State Judgment
  Administrative Agency Award
   *(not unpaid taxes)*
  Petition/Certification of Entry of
   Judgment on Unpaid Taxes
  Other Enforcement of Judgment
   Case
**Miscellaneous Civil Complaint**
 RICO (27)
 Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
   harassment)*
  Mechanics Lien
  Other Commercial Complaint
   Case *(non-tort/non-complex)*
  Other Civil Complaint
   *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
 Partnership and Corporate
  Governance (21)
 Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
   Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
   Claim
  Other Civil Petition

Exhibit F

Exhibit G

**ATTACHMENT CV-5012**

# CIVIL LAWSUIT NOTICE

CASE NUMBER: **18CV335339**

*Superior Court of California, County of Santa Clara*
*191 N. First St., San Jose, CA 95113*

## READ THIS ENTIRE FORM

*PLAINTIFFS* (the person(s) suing): Within 60 days after filing the lawsuit, you must serve each defendant with the *Complaint, Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

*DEFENDANTS* (The person(s) being sued): You must do each of the following to protect your rights:

1. You must file a written response to the *Complaint*, in the Clerk's Office of the Court, within 30 days of the date the *Summons* and *Complaint* were served on you;
2. You must send a copy of your written response to the plaintiff; and
3. You must attend the first Case Management Conference.

**Warning: If you do not do these three things, you may automatically lose this case.**

---

*RULES AND FORMS:* You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms. You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm
- Rose Printing: 408-293-8177 or becky@rose-printing.com (there is a charge for forms)

For other local legal information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

*CASE MANAGEMENT CONFERENCE (CMC):* You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.*

---

*Your Case Management Judge is:* **Hon. Thomas E. Kuhnle**          Department: **5**

*The 1st CMC is scheduled for:* (Completed by Clerk of Court)

Date: **1/4/19**          Time: **10:00am**   in Department **5**

*The next CMC is scheduled for:* (Completed by party if the 1st CMC was continued or has passed)

Date: _____   Time: _____   in Department _____

---

*ALTERNATIVE DISPUTE RESOLUTION (ADR):* If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

Exhibit G

<span style="color:red">Exhibit H</span>

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA**
**191 N. FIRST STREET**
**SAN JOSE, CA  95113-1090**

**Electronically Filed**
**by Superior Court of CA,**
**County of Santa Clara,**
**on 10/9/2018 1:54 PM**
**Reviewed By: R. Walker**
**Case #18CV335339**
**Envelope: 2036090**

TO:   FILE COPY

RE:                    **Parsittie v. Schneider Logistics, Inc., et al.**
CASE NUMBER:   **18CV335339**

## ORDER DEEMING CASE COMPLEX AND STAYING DISCOVERY

WHEREAS, the Complaint was filed by Plaintiff **RICK PARSITTIE** ("Plaintiff") in the Superior Court of California, County of Santa Clara, on **September 21, 2018** and assigned to Department **5** (Complex Civil Litigation), the **Honorable Thomas E. Kuhnle** presiding, pending a ruling on the complexity issue;

IT IS HEREBY ORDERED that:
The Court determines that the above-referenced case is **COMPLEX** within the meaning of California Rules of Court 3.400.  The matter remains assigned, for all purposes, including discovery and trial, to Department **5** (Complex Civil Litigation), the **Honorable Thomas E. Kuhnle** presiding.
The parties are directed to the Court's local rules and guidelines regarding electronic filing and to the Complex Civil Guidelines, which are available on the Court's website.
Pursuant to California Rules of Court, Rule 3.254, the creation and maintenance of the Master Service List shall be under the auspices of (1) Plaintiff **RICK PARSITTIE**, as the first-named party in the Complaint, and (2) the first-named party in each Cross-Complaint, if any.
Pursuant to Government Code section 70616(c), each party's complex case fee is due within ten (10) calendar days of this date.
Plaintiff shall serve a copy of this Order on all parties forthwith and file a proof of service within seven (7) days of service.
Any party objecting to the complex designation must file an objection and proof of service within ten (10) days of service of this Order.  Any response to the objection must be filed within seven (7) days of service of the objection.  The Court will make its ruling on the submitted pleadings.
The Case Management Conference remains set for **January 4, 2019 at 10:00 a.m. in Department 5** and all counsel are ordered to attend in person.
Counsel for all parties are ordered to meet and confer in person at least 15 days prior to the First Case Management Conference and discuss the following issues:
1. Issues related to recusal or disqualification;
2. Issues of law that, if considered by the Court, may simplify or further resolution of the case, including issues regarding choice of law;

<span style="color:red">Exhibit H</span>

Exhibit H

3. Appropriate alternative dispute resolution (ADR), for example, mediation, mandatory settlement conference, arbitration, mini-trial;
4. A plan for preservation of evidence and a uniform system for identification of documents throughout the course of this litigation;
5. A plan for document disclosure/production and additional discovery; which will generally be conducted under court supervision and by court order;
6. Whether it is advisable to address discovery in phases so that information needed to conduct meaningful ADR is obtained early in the case (counsel should consider whether they will stipulated to limited merits discovery in advance of certification proceedings), allowing the option to complete discovery if ADR efforts are unsuccessful;
7. Any issues involving the protection of evidence and confidentiality;
8. The handling of any potential publicity issues;

Counsel for Plaintiff is to take the lead in preparing a Joint Case Management Conference Statement to be filed 5 calendars days prior to the First Case Management Conference, and include the following:

1. A Statement as to whether additional parties are likely to be added and a proposed date by which all parties must be served;
2. Service lists identifying all primary and secondary counsel, firm names, addresses, telephone numbers, email addresses and fax numbers for all counsel;
3. A description of all discovery completed to date and any outstanding discovery as of the date of the conference;
4. Applicability and enforceability of arbitration clauses, if any;
5. A list of all related litigation pending in other courts, including Federal Court, and a brief description of any such litigation, and a statement as to whether any additional related litigation is anticipated (CRC 3.300);
6. A description of factual and legal issues – the parties should address any specific contract provisions the interpretation of which may assist in resolution of significant issues in the case;
7. The parties' tentative views on an ADR mechanism and how such mechanism might be integrated into the course of the litigation;
8. Whether discovery should be conducted in phases or limited; and if so, the order of phasing or types of limitations of discovery. If this is a class action lawsuit, the parties should address the issue of limited merits discovery in advance of class certification motions.

To the extent the parties are unable to agree on the matters to be addressed in the Joint Case Management Conference Statement, the positions of each party or of various parties should be set forth separately and attached to this report as addenda. The parties are encouraged to propose, either jointly or separately, any approaches to case management they believe will promote the fair and efficient handling of this case. The Court is particularly interested in identifying potentially dispositive or significant threshold issues the early resolution of which may assist in moving the case toward effective ADR and/or a final disposition.

**STAY ON DISCOVERY AND RESPONSIVE PLEADING DEADLINE** Pending further order of this Court, the service of discovery and the obligation to respond to any outstanding discovery is stayed. However, Defendant(s) shall file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance shall be without prejudice to the later filing of a motion to quash to contest jurisdiction. Parties shall not file or serve responsive pleadings, including answers to the complaint, motions to strike, demurrers, motions for

Exhibit H

change of venue and cross-complaints until a date is set at the First Case Management Conference for such filings and hearings.

This Order is issued to assist the Court and the parties in the management of this "Complex" case through the development of an orderly schedule for briefing and hearings. This Order shall not preclude the parties from continuing to informally exchange documents that may assist in their initial evaluation of the issues presented in this Case.

Plaintiff shall serve a copy of this Order on all the parties in this matter forthwith.

SO ORDERED.

Date: ___10-4-18___

Hon. **Thomas E. Kuhnle**
Judge of the Superior Court

---

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with Disabilities Act, please contact the Court Administrator's office at (408) 882-2700, or use the Court's TDD line, (408) 882-2690 or the Voice/TDD California Relay Service, (800) 735-2922.

-----
Updated on 3/8/18.

3

Exhibit I

1    Shaun Setareh (SBN 204514)
       shaun@setarehlaw.com
2    Thomas Segal (SBN 222791)
       thomas@setarehlaw.com
3    Farrah Grant (SBN 293898)
       farrah@setarehlaw.com
4    Ashley N. Batiste (SBN 317526)
       ashley@setarehlaw.com
5    SETAREH LAW GROUP
     315 South Beverly Drive, Suite 315
6    Beverly Hills, California 90212
     Telephone (310) 888-7771
7    Facsimile (310) 888-0109

8    Attorneys for Plaintiff
     RICK PARSITTIE

9

10

11                    SUPERIOR COURT OF CALIFORNIA

12                      COUNTY OF SANTA CLARA

13

14   RICK PARSITTIE, on behalf of himself, all        Case No. 18CV335339
     others similarly situated,
15                                                    ASSIGNED FOR ALL PURPOSES TO JUDGE
                     Plaintiff,                       THOMAS KUHNLE, DEPT 5
16
                                                      **CASE MANAGEMENT STATEMENT**
17         vs.
                                                      Conf. Date:  January 4, 2019
18   SCHNEIDER LOGISTICS, INC., a                     Time:  10:00 a.m.
     Wisconsin corporation; SCHNEIDER
19   LOGISTICS TRANSPORTATION, INC, a
     Louisiana corporation; SCHNEIDER                 Trial Date:  None Set
20   LOGISTICS TRANSLOADING AND                       Complaint Filed:  September 21, 2018
     DISTRIBUTION, INC., a Wisconsin
21   corporation; CONNECT STAFFING, INC., a
     California corporation; and DOES 1 through
22   50, inclusive,

23                   Defendants.

24

25         Plaintiff RICK PARSITTIE, on behalf of himself and all others similarly situated

26   ("Plaintiff"), hereby file his Case Management Conference Statement in advance of the January 4,

27   2019 case management conference. Plaintiff recently served Defendants and thus requests the Court

28

_____
                      JOINT CASE MANAGEMENT STATEMENT

Exhibit I

continue the Case Management Conference by 60 days.

1. **POTENTIAL ADDITIONAL PARTIES**

Plaintiff does not intend to name additional parties at this time.

2. **SERVICE LIST**

**Plaintiff:**

Plaintiff is RICK PARSITTIE. Plaintiff is represented by:

Shaun Setareh
shaun@setarehlaw.com
Thomas Segal
thomas@setarehlaw.com
Farrah Grant
farrah@setarehlaw.com
Ashley N. Batiste
ashley@setarehlaw.com
Setareh Law Group
315 S. Beverly Drive, Suite 315
Los Angeles, CA 90212
Telephone: 310.888.7771
Facsimile: 310.888.0109

3. **DISCOVERY STATUS**

No formal discovery has been conducted as of yet. Plaintiff does not believe that there should be any bifurcation of discovery at this time. Plaintiff will be serving Defendants with Interrogatories, Requests for Admission and Requests for Production of Documents regarding his claims and Defendants' defenses. Plaintiff anticipates that he will schedule PMK depositions pertaining to Defendants' policies and procedures. Plaintiff requires class information, including class contact information and payroll records.

4. **APPLICABLE ARBITRATION CLAUSES**

Plaintiff is not currently aware of any applicable arbitration agreements.

5. **LIST OF ALL PENDING RELATED LITIGATION**

Plaintiff is not unaware of any related pending litigation.

6. **FACTUAL AND LEGAL ISSUES**

2.

PLAINTIFF'S CASE MANAGEMENT STATEMENT

Exhibit I

Exhibit I

**Plaintiff's Statement:**

Plaintiff filed the instant lawsuit which seeks to represent all individuals who worked for Defendant directly and/or were jointly employed by Defendant through a staffing agency in California. Plaintiff asserts that Defendant failed to provide meal and rest breaks, failed to pay hourly wages, failed to provide legally compliant wage statements, failed to pay former employee's their final wages in a timely fashion, and engaged in unfair competition.

Plaintiff seeks unpaid wages, actual damages, restitution, declaratory relief, pre-judgment interest, statutory penalties, civil penalties, costs and of suit and reasonable attorney's fees.

Key factual and legal issues include:

    A.    Whether Defendant maintained a policy or practice of failing to provide employees with their meal periods;

    B.    Whether Defendant maintained a policy or practice of failing to provide employees with their rest periods;

    C.    Whether Defendant failed to pay premium wages to class members when they have not been provided with required meal and/or rest periods;

    D.    Whether Defendant failed to pay minimum and/or overtime wages to class members as a result of policies that fail to provide meal periods in accordance with California law;

    E.    Whether Defendant failed to pay minimum and/or overtime wages to class members for all time worked;

    F.    Whether Defendant failed to provide class members with accurate written wage statements as a result of providing them with written wage statements with inaccurate entries for, among other things, amounts of gross and net wages, and total hours worked;

    G.    Whether Defendant applied policies or practices that result in late and/or incomplete final wage payments;

    H.    Whether Defendant is liable to class members for waiting time penalties under Labor Code section 203;

3.

Exhibit I

1    I.    Whether class members are entitled to restitution of money or property that

2         Defendant may have acquired from them through unfair competition;

3  **7.  PARTIES POSITION ON ADR**

4    Plaintiff is open to private mediation as a method for alternative dispute resolution.

5  **8.  DISCOVERY PHASES**

6    Plaintiff does not believe it is appropriate to conduct discovery in phases for this case.

7  Dated:  December 28, 2018

8    _____

9    SHAUN SETAREH
     THOMAS SEGAL

10   FARRAH GRANT
     ASHLEY N. BATISTE

11   Attorneys for Plaintiff
     RICK PARSITTIE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit I

Exhibit I

## PROOF OF SERVICE

I am a citizen of the United States and am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 315 South Beverly Drive, Suite 907 Beverly Hills, CA 90212.

On December 28, 2018, I served the foregoing documents described as:

**CASE MANAGEMENT STATEMENT**

in this action by transmitting a true copy thereof enclosed in a sealed envelope addressed as follows:

Matthew C. Kane
McGuireWoods LLP
1800 Century Park East
8th Floor
Los Angeles, CA 90067-1501
E: MKane@mcguirewoods.com
**Counsel for Schneider Logistics, Inc.,
Schneider Logistics Transloading and
Distribution, Inc., Schneider Logistics
Transportation, Inc.**

**[X]    BY MAIL**

I am readily familiar with the practice of Setareh Law Group for the collection and processing of correspondence for mailing with the United States Postal Service.  It is the practice that correspondence is deposited with United States Postal Service the same day it is submitted for mailing with postage thereon fully prepaid at Beverly Hills, California.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[X]    BY E-MAIL OR ELECTRONIC TRANSMISSION**

Based on a Court order or on an agreement by the parties to accept service by e-mail or electronic transmission, I caused the document(s) described above to be sent to the person(s) listed at the address listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**[X]    STATE** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on December 28, 2018, at Beverly Hills, California.

JUANITA FERNANDEZ

1

PROOF OF SERVICE

Exhibit I

**Exhibit J**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA**
**191 N. FIRST STREET**
**SAN JOSE, CA  95113-1090**

**Electronically Filed**
**by Superior Court of CA,**
**County of Santa Clara,**
**on 1/2/2019 10:08 AM**
**Reviewed By: R. Walker**
**Case #18CV335339**
**Envelope: 2324273**

TO:    FILE COPY

RE:              **Parsittie v. Schneider Logistics, Inc., et al.**
CASE NUMBER:    **18CV335339**

**NOTICE OF RESCHEDULED CASE MANAGEMENT CONFERENCE**

The Case Management Conference for the above entitled case has been rescheduled (from January 4, 2019) and you are directed to appear in court on:

---

**Date: March 8, 2019**              **At:  10:00 a.m.**                    **In:  Department 5**

Location:  Superior Court, 191 North First Street, San Jose, CA 95113.

---

A copy of the current Complex Civil Litigation Guidelines may be downloaded from the Court's website. Compliance with all Local Rules of Court is required.

A single updated <u>Joint</u> Case Management Statement shall be filed by the parties no later than five (5) calendar days prior to the next scheduled Case Management Conference.

For further information, contact the Complex Civil Litigation Department, (408) 882-2286.

Date:  January 2, 2019                              _____

                                                                  Hon. Thomas E. Kuhnle
                                                                  Judge of the Superior Court

---

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with Disabilities Act, please contact the Court Administrator's office at (408) 882-2700, or use the Court's TDD line, (408) 882-2690 or the Voice/TDD California Relay Service, (800) 735-2922.

**Exhibit J**